BOYLEN, Appellant,

v.

**OHIO DEPARTMENT OF REHABILITATION
AND CORRECTIONS et al., Appellees.**

[Cite as *Boylen v. Ohio Dept. of Rehab. & Corr.*, 182 Ohio App.3d 265, 2009-Ohio-1953.]

Court of Appeals of Ohio,
Fifth District, Richland County.

No. 08–CA–24.

Decided April 22, 2009.

266

Adam Boylen, pro se.

Richard Cordray, Attorney General, and Ashley D. Rutherford, Assistant Attorney General, for appellees.

EDWARDS, Judge.

{¶ 1} Appellant, Adam Boylen, brought an action for declaratory judgment, injunctive relief, and monetary damages against appellees, alleging that appellees improperly removed funds from his inmate account for the collection of court costs. The trial court dismissed appellant's complaint for lack of subject-matter jurisdiction and failure to establish in the complaint that appellant's administrative remedies had been exhausted. Appellant appeals the trial court's dismissal for lack of jurisdiction.

## STATEMENT OF FACTS AND CASE

{¶ 2} Plaintiff-appellant is an inmate at Mansfield Correctional Institution serving a 13–year sentence pursuant to a negotiated plea agreement. Appellant appealed the negotiated sentence in *State v. Boylen*, Stark App. Nos. 2003CA00304 and 2003CA00305, 2004-Ohio-1283, 2004 WL 540235. On March 15, 2004, this court affirmed the judgment of the trial court.

{¶ 3} On August 27, 2007, the Department of Rehabilitation and Corrections, by and through the account clerk, Janet Hamilton, notified appellant that the institution had received a certified copy of the decision of the Fifth District Court of Appeals and provided the appellant with copies of the bills for costs for the action in the amount of $192.94. The certified documents had been provided to the institution by the Stark County Clerk of Courts for the collection of the costs

of prosecuting the appeal. Appellant was also notified that the institution intended to withdraw money from his inmate account to be applied toward the court costs. Finally, appellant was notified that pursuant to Ohio Adm.Code 5120–9–31, he had the right to participate in an administrative appeal and grievance process in which he could set forth either an exemption or a defense to the collection of the costs.

{¶ 4} On August 30, 2007, appellant pursued his administrative remedy and submitted a timely notice of his objection to the judgment requiring payment to the warden's collection designee, Gordon Lane. On September 7, 2007, Lane determined that the court order and other documents authorized the institution to withdraw money from the appellant's inmate account. Thereafter, the institution issued payment in the amount of $39.08 from appellant's inmate account towards the court costs.

{¶ 5} On September 12, 2007, appellant filed a notification of grievance with the Inspector's Office.

{¶ 6} On September 27, 2007, appellant filed a civil complaint in the Richland County Court of Common Pleas for declaratory judgment, injunctive relief, and money damages against the Ohio Department of Rehabilitation and Corrections, the Mansfield Correctional Institution, warden Stuart Hudson, account clerk Janet Hamilton, Stark County Clerk of Courts Nancy Reinbold, and chief fiscal officer of the Stark County Clerk of Courts Jo–Ann Murphy.

{¶ 7} In the complaint, appellant argued that funds had been improperly withdrawn from his inmate account to satisfy his court costs with Stark County Court of Common Pleas. Specifically, appellant argued that R.C. 2969.22 does not authorize the Stark County Clerk of Courts to pursue the collection of the court costs for a criminal appeal, that the Department of Rehabilitation and Correction had failed to follow the procedures set forth in Ohio Adm.Code 5120–9–31, and that Ohio Adm.Code 5120–9–31 violates due process and is, therefore, unconstitutional. As relief for the alleged wrongful acts of the state employees and agencies, the appellant sought a temporary injunction or restraining order to prevent any further withdrawal of funds from appellant's inmate account while the case was pending before the trial court, a declaration that R.C. 2969.22 only authorizes the common pleas clerk of courts to pursue the collection of costs for civil matters, and a declaration that Ohio Adm.Code 5120–9–31 violates a prisoner's due-process rights and is, therefore, unconstitutional. In the alternative, appellant claimed that the prison had failed to follow the guidelines set forth in Ohio Adm.Code 5120–9–31 and he was entitled to punitive damages in the amount of $500 and compensatory damages in the amount of $39.08.

{¶ 8} In an effort to comply with the mandates of R.C. 2969.26(A), appellant attached an affidavit to the complaint indicating that an appeal regarding

collection of court costs from his account had been filed with the Mansfield Correctional Institution on August 30, 2007. He further stated in his affidavit that on September 7, 2007, the deputy warden of administration of the Mansfield Correctional Institution refused to grant relief, holding that the institution "was authorized" to garnish the inmate's account for the payment of court costs. In the affidavit, the appellant further stated, "I continue to exhaust the administrative remedies with appeals, but have filed the instant action due to its immediate need in being addressed; or unless otherwise ordered by the court to finish while the action is stayed."

{¶ 9} On October 24, 2007, appellees, Nancy Reinbold, Stark County Clerk of Courts, and Jo–Ann Humphrey, chief fiscal officer of the Stark County Clerk of Courts, filed a motion to dismiss appellant's complaint for lack of subject-matter jurisdiction. In the motion to dismiss, appellees argued that they properly sent a notice to Mansfield Institution pursuant to R.C. 2969.22 for the collection of inmate funds. They further stated that in order to appeal the collection of funds, an appellant must first follow the appeal process set forth in Ohio Adm.Code 5120–9–31. They noted that according to paragraph 20 of appellant's complaint, he has filed such an appeal and the administrative process was still proceeding. As such, appellees argued that the complaint should be dismissed for lack of subject-matter jurisdiction for appellant's failure to exhaust his administrative remedies.

{¶ 10} On November 2, 2007, appellees, the Ohio Department of Rehabilitation and Correction, warden Stuart Hudson, and Janet Hamilton, filed a motion to dismiss the appellant's complaint pursuant to Civ.R. 12(B)(1). In the motion to dismiss, appellees argued that the matter should be dismissed for lack of jurisdiction because the court of claims has exclusive jurisdiction over a civil action against state agencies and employees for money damages. Appellees also argued that the trial court lacked subject-matter jurisdiction because appellant failed to establish that he had exhausted his administrative remedies prior to filing his complaint, as required by R.C. 2969.26(A).

{¶ 11} On November 15, 2007, without first seeking leave of court, appellant filed an amended complaint. The amended complaint asserted the same arguments as the initial complaint, deleted a request for punitive damages, and amended the compensatory damages to $42.34.

{¶ 12} On December 6, 2007, appellees, the Ohio Department of Rehabilitation and Correction, Stuart Hudson, and Janet Hamilton, filed a joint motion to strike appellant's amended complaint. In support, appellees argued that appellant had failed to comply with Civ.R. 15(A) by not obtaining leave of court prior to filing the amended complaint.

{¶ 13} On December 14, 2007, appellant filed a motion for summary judgment, arguing that appellee had not timely responded to his amended complaint.

{¶ 14} On December 17, 2007, appellant filed a notice. In the notice, appellant stated that his administrative remedies in relation to the matter had been exhausted. Appellant's notice stated that a review of his appeal had been taken and the decision had been affirmed by the office of the chief inspector. Appellant attached the decision of the chief inspector on a grievance appeal. In the decision, the chief inspector stated: "You complain that institution staff has wrongly taken funds from your account from a court judgment that does not state it is a court order to make payment of any cost. In reviewing the grievance appeal and the documentation presented to this office, and of the department's administrative rule and policy in this matter, I cannot find where the institution has violated department policy or administrative rule in this instance. As such, I find the Inspector has appropriately responded to your complaint."

{¶ 15} On January 9, 2008, appellees Nancy Reinbold, Stark County Clerk of Courts, and Jo–Ann Humphrey, chief fiscal officer of Stark County Clerk of Courts, filed a motion to strike appellant's amended complaint for failure to first seek leave from the trial court to plead.

{¶ 16} On January 31, 2008, the appellees filed a motion to stay the trial court's decision on appellant's summary-judgment motion pending the trial court's determination on the motions to strike.

{¶ 17} On February 14, 2008, the trial court held a nonoral hearing on appellant's motion for summary judgment and appellees' motions to strike the amended complaint and motions to dismiss. Upon review, the trial court held, based upon the decisions in *Midwest Fireworks Mfg. Co. v. Deerfield Twp. Bd. of Zoning Appeals* (2001), 91 Ohio St.3d 174, 177, 743 N.E.2d 894, *Harrison v. Ohio State Med. Bd.* (1995), 103 Ohio App.3d 317, 659 N.E.2d 368, and R.C. 2969.22 that appellant's exclusive remedy lay in the administrative process and that the trial court lacked jurisdiction to grant the requested relief. The trial court further denied appellant's motion for summary judgment, granted the motion to strike appellant's amended complaint, and granted appellees' motions to dismiss for lack of jurisdiction. A subsequent judgment of dismissal of the action was filed on February 15, 2008.

{¶ 18} Appellant now seeks to appeal the trial court's judgment, setting forth the following assignments of error:

{¶ 19} "I. The trial court abused its discretion and erred to appellant's prejudice when the court dismissed this action by holding it was without subject matter jurisdiction to grant the requested relief.

{¶ 20} "II. The trial court abused its discretion and erred to appellant's prejudice when the court denied and ordered stricken appellant's amended complaint and motion for summary judgment for failing to first obtain leave pursuant to Civil Rule 15.

{¶ 21} "III. The trial court abused its discretion when it issued a second or subsequent judgment entry after previously finding in its prior judgment entry that the court was without subject matter jurisdiction."

{¶ 22} On December 2, 2008, this court issued an opinion and judgment entry overruling all assignments of error and affirming the judgment of the trial court. We have granted appellant's motion for reconsideration and vacated our prior opinion and judgment entry. This opinion is issued upon reconsideration of our December 2, 2008 decision.

I

{¶ 23} In the first assignment of error, appellant argues that the trial court erred by dismissing his complaint for lack of subject-matter jurisdiction. Although the trial court's judgment entry is confusing, it appears that the trial court dismissed appellant's complaint for failure to exhaust his administrative remedies, as required by R.C. 2969.26(A).

{¶ 24} Civ.R. 12(B)(1) states:

{¶ 25} "Every defense, in law or fact, a claim for relief in any pleading, whether a claim, counterclaim, * * * or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of [subject matter] jurisdiction over the subject matter."

{¶ 26} Civ.R. 12(B)(1) permits dismissal where the trial court lacks jurisdiction over the subject matter of the litigation. The standard of review for a dismissal pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint. *Milhoan v. E. Local School Dist. Bd. of Edn.*, 157 Ohio App.3d 716, 2004-Ohio-3243, 813 N.E.2d 692, at ¶ 10; *McHenry v. Indus. Comm.* (1990), 68 Ohio App.3d 56, 587 N.E.2d 414. We review an appeal of a dismissal for lack of subject-matter jurisdiction under Civ.R. 12(B)(1) de novo. *Kramer v. Installations Unlimited, Inc.* (2002), 147 Ohio App.3d 350, 770 N.E.2d 632; *Moore v. Franklin Cty. Children Servs.*, Franklin App. No. 06AP–951, 2007-Ohio-4128, 2007 WL 2306970, ¶ 15.

{¶ 27} Ohio Adm.Code 5120–9–31 sets forth the administrative process that must be followed by an inmate in order to appeal the collection of costs once notice of the garnishment has been provided to the inmate by the institution. First, the prisoner must file an informal complaint with the direct supervisor of

the staff member or with the department most directly responsible for the particular subject matter of the prisoner's complaint. If the prisoner is dissatisfied with the informal-complaint response, the prisoner may obtain a notification of grievance form from the inspector of institutional services. If the prisoner is not satisfied with the disposition of grievance, the prisoner may request an appeal form from the inspector. The appeal must then be filed to the office of the chief inspector. The rule states that the decision of the chief inspector is final.

{¶ 28} R.C. 2969.26(A) requires that the prisoner pursuing a cause of action in a trial court must file with the complaint an affidavit stating that a grievance in accordance with Ohio Adm.Code 5120–9–31 has been filed with the correctional institution, the date the prisoner received a decision on the grievance, and a copy of the written decision. Compliance with R.C. 2969.26(A) is mandatory. See *Warwick v. DeWitt* (Jan. 15, 2002), Ross App. No. 01CA2613, 2002 WL 59667; *State ex rel. Zanders v. Ohio Parole Bd.* (1998), 82 Ohio St.3d 421, 696 N.E.2d 594; *State ex rel. Alford v. Winters* (1997), 80 Ohio St.3d 285, 685 N.E.2d 1242.

{¶ 29} In this case, the record reflects that the appellant's initial complaint failed to satisfy the requirements of R.C. 2969.26(A) and failed to invoke the jurisdiction of the trial court. Appellant admitted in the affidavit attached to his complaint that his grievance procedure pursuant to Ohio Adm.Code 5120–9–31 was still proceeding before the Office of the Inspector and a final decision had not been made by the inspector's office. As such, appellant's complaint was defective for appellant's failure to comply with the mandatory requirements of R.C. 2969.26(A).

{¶ 30} However, the complaint was not subject to dismissal at that time for failure to demonstrate exhaustion of administrative remedies. R.C. 2969.26(B) provides:

{¶ 31} "If the civil action or appeal is commenced before the grievance system process is complete, the court shall stay the civil action or appeal for a period not to exceed one hundred eighty days to permit the completion of the grievance system process."

{¶ 32} The complaint was filed September 27, 2007. The court dismissed the complaint on February 14, 2008, less than 180 days from its filing. The court erred in dismissing the complaint for failure to exhaust administrative remedies rather than staying the action for 180 days to permit appellant to complete the grievance-system process.

{¶ 33} Appellees also argue that appellant failed to comply with R.C. 2969.25 and the complaint was properly dismissed by the court on that basis on

February 15, 2008. The issue of whether the court had jurisdiction to issue the February 15, 2008 order after the court had issued a final judgment on February 14, 2008, is the subject of appellant's third assignment of error. In any event, the record demonstrates that appellant complied with R.C. 2969.25. The statute sets forth the following requirement:

{¶ 34} "(A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:

{¶ 35} "(1) A brief description of the nature of the civil action or appeal;

{¶ 36} "(2) The case name, case number, and the court in which the civil action or appeal was brought;

{¶ 37} "(3) The name of each party to the civil action or appeal;

{¶ 38} "(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award."

{¶ 39} The record reflects that appellant filed an affidavit contemporaneous with the filing of the complaint which sets forth the actions he has filed. The affidavit was file-stamped on September 27, 2007, and is captioned "affidavit in accordance with R.C. 2969.25 and R.C. 2969.26." In the affidavit, appellant sets forth six actions he has filed including the caption, case number, court, resolution, and a brief description.

{¶ 40} The first assignment of error is sustained.

## II

{¶ 41} In the second assignment of error, appellant argues that the trial court abused its discretion in denying him leave to amend his complaint and in granting appellees' motions to strike his amended complaint. Appellant did not request leave to file an amended complaint, and the court granted appellees' motion to strike the amended complaint for failure to ask for leave pursuant to Civ.R. 15(A), which provides:

{¶ 42} "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires * * *."

{¶ 43} Appellees did not file an answer in this case. Instead, they filed a motion to dismiss pursuant to Civ.R. 12(B). A motion to dismiss does not constitute a responsive pleading within the meaning of Civ.R. 15(A), and when a motion to dismiss is filed in lieu of an answer, a party has an absolute right to file an amended complaint without prior leave of court. *Steiner v. Steiner* (1993), 85 Ohio App.3d 513, 520, 620 N.E.2d 152. The court erred in striking appellant's amended complaint on the grounds that he failed to obtain leave of court. Appellant was not required to seek leave of court because appellees had not filed a responsive pleading within the meaning of Civ.R. 15(A).

{¶ 44} The second assignment of error is sustained.

### III

{¶ 45} In the third assignment of error, the appellant argues that the trial court lacked jurisdiction to enter a subsequent judgment on February 15, 2008, having already issued a final judgment of dismissal on February 14, 2008.

{¶ 46} Appellees argue that the February 15, 2008 judgment was a nunc pro tunc entry, although not captioned as a nunc pro tunc entry.

{¶ 47} The purpose of a nunc pro tunc entry is to make the record speak the truth. *Smith v. Smith*, Marion App. No. 9–06–41, 2007-Ohio-1089, 2007 WL 730234, ¶ 13, citing *Ruby v. Wolf* (1931), 39 Ohio App. 144, 146, 177 N.E. 240. A court's power to enter a nunc pro tunc judgment is restricted to placing upon the record evidence of judicial action that has already been taken and can be exercised only to supply omissions in the exercise of functions that are merely clerical. Id. The function of a nunc pro tunc entry is not to correct or modify an existing judgment but rather to make the record conform to what has already occurred. *Pepera v. Pepera* (Mar. 26, 1987), Cuyahoga App. No. 51989, 1987 WL 8586, citing *State ex rel. Phillips v. Indus. Comm.* (1927), 116 Ohio St. 261, 155 N.E. 798. A court may not by way of a nunc pro tunc entry enter of record that which it intended or might have done but which in fact was not done. Id., citing *Webb v. W. Res. Bond & Share Co.* (1926), 115 Ohio St. 247, 153 N.E. 289.

{¶ 48} The February 15, 2008 judgment is not a nunc pro tunc entry. The February 14 entry found that the court did not have subject-matter jurisdiction. The February 15 entry again found that the complaint did not invoke the subject-matter jurisdiction of the court but added appellant's failure to comply with the mandatory provisions of R.C. 2969.25 as a reason for dismissal. As such, the entry did not merely correct a clerical entry or make the record conform to what had already occurred but changed the reasoning supporting the dismissal of the complaint. A trial court does not have jurisdiction to reconsider its own final judgments. *Brown v. FirstEnergy Corp.*, 159 Ohio App.3d 696, 2005-Ohio-712, 825 N.E.2d 206, ¶ 8, citing *Pitts v. Ohio Dept. of Transp.* (1981), 67 Ohio St.2d 378, 380, 21 O.O.3d 238, 423 N.E.2d 1105.

{¶ 49} The third assignment of error is sustained.

{¶ 50} The decision of the Richland County Court of Common Pleas is hereby reversed. This case is remanded to the trial court for further proceedings according to law, consistent with this opinion.

Judgment reversed<br>and cause remanded.

HOFFMAN, P.J., and DELANEY, J., concur.