[Cite as *State ex rel. Byerly v. Frary*, 2011-Ohio-197.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO EX REL CHARLEY | : | Julie A. Edwards, P.J. |
| R. BYERLY | : | W. Scott Gwin, J. |
| | : | John W. Wise, J. |
| Relator | : | |
| | : | Case No. 10CA93 |
| -vs- | : | |
| | : | |
| | : | O P I N I O N |
| LINDA H. FRARY | | |
| | | |
| Respondent | | |

CHARACTER OF PROCEEDING:     Writ of Mandamus Complaint

JUDGMENT:     Dismissed

DATE OF JUDGMENT ENTRY:     January 19, 2011

APPEARANCES:

For Relator     For Respondent

CHARLEY R. BYERLY
Inmate #551-820
Richland Correctional Institution
1001 Olivesburg Road
P.O. Box 8107
Mansfield, Ohio  44901-8107

*Edwards, P.J.*

{¶1} Relator, Charley R. Byerly, has filed a Complaint requesting this Court issue a writ of mandamus which orders Respondent, Linda Frary, Clerk of the Richland County Court of Common Pleas, to stop collecting funds from Relator's inmate account. Further, Relator requests Respondent be ordered to provide Relator with an itemized cost bill and subsequent reminders prior to collecting funds from Relator's inmate account.

{¶2} Respondent has filed a motion to dismiss to which Relator has not responded.

{¶3} In his Complaint, Relator argues Respondent is required to provide an itemized cost bill and issue three reminders prior to collecting funds from his inmate account. Relator suggests this duty arises from R.C. 2335.19 and R.C. 2335.32. Respondent counters these sections do not apply to Relator because he is a convicted felon making R.C. 2949.14 and R.C. 2949.15 the applicable statutes governing inmate accounts. Respondent further avers a writ would not issue because Relator has or had an adequate remedy at law to challenge the seizure of funds from his inmate account.

{¶4} We find it unnecessary to determine which statute or statutes apply to the seizure of Relator's inmate account because we find Relator has or had an adequate remedy at law to challenge any improper seizure of his inmate account by virtue of the complaint procedure provided in Ohio Administrative Code 5120-9-31.

{¶5} For a writ of mandamus to issue, the relator must have a clear legal right to the relief prayed for, the respondent must be under a clear legal duty to perform the requested act, and relator must have no plain and adequate remedy in the ordinary

course of law. *State, ex rel. Berger, v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225.

{¶6}   As we noted in *Boylen v. Ohio Dept. of Rehab. And Corr.* (2009), 182 Ohio App.3d 265, 912 N.E.2d 624, Ohio Adm.Code 5120-9-31 sets forth the administrative process that must be followed by an inmate in order to appeal the collection of costs.

{¶7}   Because the Ohio Administrative Code provides an avenue to challenge the improper collection of funds from an inmate account, we find this constitutes an adequate remedy at law which bars the issuance of a writ of mandamus.   For this reason, Respondent's motion to dismiss the complaint is granted, and the instant cause of action is dismissed.

{¶8}   CAUSE DISMISSED.

{¶9}   COSTS TO RELATOR.

{¶10}  IT IS SO ORDERED.

By: Edwards, P.J.

Gwin, J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/as1029

[Cite as *State ex rel. Byerly v. Frary*, 2011-Ohio-197.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO EX REL CHARLY : 
R. BYERLY :
 :
          Relator : 
 :
 :
-vs- :     JUDGMENT ENTRY
 :
LINDA H. FRARY : 
 :
          Respondent :     CASE NO. 10CA93

For the reasons stated in our accompanying Memorandum-Opinion on file, the complaint is dismissed. Costs assessed to Relator.

_____

_____

_____

              JUDGES