ROBERTS, Appellant,

v.

COLUMBUS CITY POLICE IMPOUND DIVISION, Appellee.

[Cite as *Roberts v. Columbus City Police Impound Div.*, 195 Ohio App.3d 51, 2011-Ohio-2873.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 10AP–863.

Decided June 14, 2011.

**52**

Michael L. Roberts, pro se.

Richard E. Pfeiffer Jr., City Attorney, and Westley M. Phillips, for appellee.

KLATT, Judge.

{¶ 1} Plaintiff-appellant, Michael L. Roberts, appeals from a judgment of the Franklin County Court of Common Pleas that dismissed his action against defendant-appellee, city of Columbus Police Impound Division. For the following reasons, we affirm.

{¶ 2} On April 27, 2010, Roberts brought suit against the city for negligently disposing of his vehicle and the contents in it. In his complaint, Roberts alleged that the city impounded his 1999 Cadillac SLS when city police arrested him on an outstanding warrant. Because Roberts was confined in jail, he gave his father power of attorney so that his father could retrieve the Cadillac from the city impound lot. According to Roberts, when his father visited the impound lot, he was told that Roberts's Cadillac was not there. Roberts then mailed a letter to the impound lot in which he claimed the Cadillac. Despite Roberts's efforts to recover the Cadillac, the city sold the Cadillac for scrap. Roberts premised his negligence claim on the city's alleged failure to act in accordance with the statutes governing the storage and disposition of motor vehicles in the city's possession.

{¶ 3} Instead of answering Roberts's complaint, the city filed a Civ.R. 12(B)(6) motion to dismiss. The city argued that dismissal was appropriate for two reasons. First, the city contended that "City of Columbus Police, Impound Division" is not sui juris, and thus, it cannot be sued. Second, the city claimed that it was entitled to immunity from liability for its alleged negligence under R.C. Chapter 2744, the Political Subdivision Tort Liability Act. Roberts did not

respond to the city's motion to dismiss. On June 30, 2010, the trial court issued final judgment in the city's favor and dismissed Roberts's case for the reasons listed in the city's motion.

{¶ 4} One day after the trial court entered judgment, Roberts filed a motion for leave to amend his complaint. At Roberts's request, the Franklin County clerk of courts served his motion on the city in accordance with Civ.R. 4.1(A) as if it were a complaint.

{¶ 5} On August 19, 2010, Roberts moved for default judgment against the city. Roberts argued that a default judgment was appropriate because the city had not answered either his original or amended complaints. In response, the city contended that the trial court should deny Roberts's motion because it had already entered judgment in the city's favor and dismissed the action.

{¶ 6} According to Roberts, he first learned of the June 30, 2010 judgment through the city's memorandum opposing his motion for default judgment. Upon discovering that the trial court had entered judgment against him, Roberts filed a notice of appeal from that judgment. On appeal, Roberts assigns the following errors:

1. Defendant failed to serve any answer or notice of pleading upon plaintiff-appellant in violation of *Civ.R. 5(A), Civ.R. 7(A), and Civ.R. 12(A)(1)*.

2. Trial court abused its discretion and improperly considered defendant's "unserved" motion to dismiss in pursuant *to Civ.R. 12(B)*, without [f]irst considering plaintiff's factual allegations prevailing over defendants claim of immunity.

3. Plaintiff–Appellant's amended complaint properly filed and served upon defendants replaces and supracedes the original and as such is now the operative pleading, which subsequently places the defendants in default.[1]

{¶ 7} Before considering the merits of Roberts's assignments of error, we must address a jurisdictional issue. We recognize that 72 days elapsed between the entry of final judgment on June 30, 2010, and the filing of Roberts's notice of appeal on September 10, 2010. This lengthy delay, however, does not deprive this court of jurisdiction over Roberts's appeal. App.R. 4(A) states:

A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure.

---

1. We quote all the assignments of error verbatim, without correcting the grammatical, spelling, or punctuation errors.

Thus, in a civil action, if the clerk fails to timely serve the parties, then App.R. 4(A) tolls the period for filing a notice of appeal until the clerk accomplishes service. *State ex rel. Sautter v. Grey,* 117 Ohio St.3d 465, 2008-Ohio-1444, 884 N.E.2d 1062, ¶ 16. Here, the trial court record contains no indication that the clerk ever served the June 30, 2010 judgment on the parties. Consequently, we conclude that App.R. 4(A) indefinitely tolled the period for filing a notice of appeal, making Roberts's appeal timely. See *Huntington Natl. Bank v. Zeune,* 10th Dist. No. 08AP–1020, 2009-Ohio-3482, 2009 WL 2100920, ¶ 10–12 (holding that an appeal filed outside the App.R. 4(A) 30–day window was timely because the clerk of courts failed to serve the parties with the final judgment); *Whipps v. Ryan,* 10th Dist. No. 08AP–838, 2009-Ohio-2228, 2009 WL 1314880, ¶ 25–29 (same); *US Bank Natl. Assn. v. Collier,* 10th Dist. No. 08AP–207, 2008-Ohio-6817, 2008 WL 5381808, ¶ 12, fn. 2 (same).

{¶ 8} By his first assignment of error, Roberts argues that the trial court erred in entering judgment against him when the city had never served an answer upon him. Roberts contends that insufficient service deprived him of his due process right to notice. We disagree.

{¶ 9} Civ.R. 12(A) governs the presentation of defenses and objections. A defendant may either answer a complaint or opt to present certain defenses by way of motion. Civ.R. 12(A)(1) and (B); *Bridge v. Park Natl. Bank,* 169 Ohio App.3d 384, 2006-Ohio-5691, 863 N.E.2d 180, ¶ 15. If a defendant chooses to defend on the basis that the plaintiff has failed to state a claim upon which relief can be granted, the defendant may assert that defense by motion rather than through an answer. Civ.R. 12(B); *Bridge* at ¶ 15. The service of a Civ.R. 12(B) motion extends the period in which a defendant must file an answer. Civ.R. 12(A)(2); *Bridge* at ¶ 16. If a defendant moves pursuant to Civ.R. 12(B) for dismissal, the deadline for filing a responsive pleading turns upon the trial court's ruling on the motion. Id.

{¶ 10} Whether the defendant answers or moves for dismissal, he must serve his answer or motion through one of the methods dictated by Civ.R. 5. Civ.R. 5(A) (requiring service of "every pleading subsequent to the original complaint" and "every written motion"). Civ.R. 5(B) permits service by mail to the last known address of the person to be served. Any pleading or motion served on an opposing party must be accompanied by a proof of service, which must state the date and manner of service and be signed in accordance with Civ.R. 11. Civ.R. 5(B) and (D). Service by mail is complete upon mailing. Civ.R. 5(B).

{¶ 11} When a party follows the Ohio Rules of Civil Procedure prescribing the appropriate methods of service, a court will presume proper service. *Reveille II, L.L.C. v. Ion,* 9th Dist. No. 25456, 2011-Ohio-1212, 2011 WL 899524, ¶ 9; *Paasewe v. Wendy Thomas 5 Ltd.,* 10th Dist. No. 09AP–510, 2009-Ohio-6852, 2009 WL

5064132, ¶ 22. An opposing party can rebut this presumption with evidence proving that service was not accomplished. *In re Guardianship of Schnierle*, 5th Dist. No. 2007 CA 00260, 2009-Ohio-1580, 2009 WL 840393, ¶ 51; *Paasewe* at ¶ 22.

{¶ 12} In the case at bar, the city chose to file a motion to dismiss under Civ.R. 12(B)(6) instead of an answer. That motion, which was filed on May 11, 2010, includes a certificate of service, signed by an assistant city attorney, that certifies that

a true and accurate copy of the foregoing [motion] was sent by First Class U.S. Mail, postage prepaid, to the following this 11th day of May, 2010.

Michael L. Roberts # 609–069

CCI P.O. Box # 5500

Chillicothe, Oh 45601

Roberts's name and address, as set forth in the certificate of service, exactly duplicate the name and address listed on Roberts's complaint. Thus, in serving its motion on Roberts, the city complied with the requirements of Civ.R. 5.

{¶ 13} Because the city followed Civ.R. 5, the presumption of proper service arose. Roberts, then, bore the burden of presenting the trial court with evidence that he did not receive the city's motion to dismiss. Roberts failed to meet this burden; the trial court record is devoid of any such evidence.

{¶ 14} On appeal, Roberts alleges that he did not receive any mail from the city until August 25, 2010, presumably the date on which he received the city's memorandum opposing his motion for a default judgment. Apparently, Roberts wants this court to infer from this allegation that he did not get the motion to dismiss mailed May 11, 2010. To support this allegation, Roberts attaches to his appellate brief copies of the prison's legal mail log from select days during the spring and summer of 2010. Because these copies are not contained in the trial court record, we cannot consider them. *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraph one of the syllabus ("A reviewing court cannot add matter to the record before it, which was not part of the trial court's proceedings, and then decide the appeal on the basis of the new matter"). Moreover, even if we could consider the materials that Roberts now presents, he would not prevail on his first assignment of error. We would need a copy of the entire legal mail log, not just entries from specific dates, to determine that Roberts did not receive any mail from the city during the time period at issue.

{¶ 15} Given the trial court's entry of judgment dismissing Roberts's action, the Ohio Rules of Civil Procedure never obligated the city to file an answer. Because the city properly served Roberts with its motion to dismiss, Roberts received both notice and an opportunity to respond. Accordingly, we overrule Roberts's first assignment of error.

{¶ 16} By his second assignment of error, Roberts argues that the trial court erred in finding the city immune from liability. We disagree.

{¶ 17} Even if we would sustain this assignment of error, we could not reverse the trial court's judgment. As we stated above, the trial court granted the dismissal for two reasons: (1) the city is not sui juris, and thus, it lacks the capacity to be sued, and (2) the city is immune from liability under R.C. Chapter 2744. Although Roberts challenges the second reason on appeal, he does not argue that the trial court erred in relying on the first reason. Because the first reason is a separate and independent basis on which to dismiss Roberts's action, the trial court's judgment must stand regardless of the merits of Roberts's second assignment of error. Nevertheless, in the interest of justice, we will address the merits of Roberts's argument that the trial court erred in its immunity determination.

{¶ 18} A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. *Volbers–Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11. An order granting a motion to dismiss under Civ.R. 12(B)(6) is subject to de novo review. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. When reviewing such an order, an appellate court must accept the material allegations of the complaint as true and make all reasonable inferences in favor of the plaintiff. *Volbers–Klarich* at ¶ 12; *Maitland v. Ford Motor Co.*, 103 Ohio St.3d 463, 2004-Ohio-5717, 816 N.E.2d 1061, ¶ 11. To sustain a dismissal of a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, 872 N.E.2d 254, ¶ 14; *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 5.

{¶ 19} R.C. Chapter 2744 addresses when political subdivisions, their departments and agencies, and their employees are immune from liability for their actions. To determine whether a political subdivision is entitled to immunity, a court must engage in a three-tiered analysis. *Cater v. Cleveland* (1998), 83 Ohio St.3d 24, 28, 697 N.E.2d 610. In the first tier, a court applies the general grant of immunity contained in R.C. 2744.02(A)(1), which provides that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." *Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, 927 N.E.2d 585, ¶ 8. This immunity, however, is not absolute, but is subject to the five exceptions to immunity listed in R.C. 2744.02(B)(1) through (5). *Greene Cty. Agricultural Soc. v. Liming* (2000), 89 Ohio St.3d 551, 557, 733 N.E.2d 1141; *Cater* at 28. Thus, in the second tier of the immunity analysis, a

court determines whether any of these five exceptions apply to the case at bar. Id. Finally, if the case falls into one of the exceptions, the court moves to the third tier of the analysis, where it must consider whether any of the defenses to liability contained in R.C. 2744.03 reinstates immunity. *Lambert* at ¶ 9; *Cater* at 28.

{¶ 20} Here, the city argues that it qualifies for general immunity under R.C. 2744.02(A)(1) because (1) as a municipal corporation, it is a political subdivision under R.C. 2744.01(F), and (2) the towing, impounding, and disposing of a motor vehicle are all governmental functions. Turning to the second and third tiers of the immunity analysis, the city maintains that none of the R.C. 2744.02(B) exceptions applies, rendering the third tier of the analysis superfluous.

{¶ 21} Roberts's only response to the city's argument is his contention that R.C. 2744.03(A)(2) precludes the city from claiming immunity. However, " 'the defenses in R.C. 2744.03 do not come into play unless the liability attaches under one of the exceptions in R.C. 2744.02(B).' " (Emphasis deleted.) *Bush v. Beggrow*, 10th Dist. No. 03AP–1238, 2005-Ohio-2426, 2005 WL 1177935, ¶ 55, quoting *Estate of Ridley v. Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities*, 150 Ohio App.3d 383, 2002-Ohio-6344, 781 N.E.2d 1034, ¶ 26, affirmed, 102 Ohio St.3d 230, 2004-Ohio-2629, 809 N.E.2d 2. Before reaching the third tier of the immunity analysis, " 'R.C. 2744.02(A) and (B), in that order, must be gone through.' " *Golden v. Milford Exempted Village School Bd. of Edn.*, 12th Dist. No. CA2008–10–097, 2009-Ohio-3418, 2009 WL 2005368, ¶ 12, quoting *Davis v. Malvern*, 7th Dist. No. 05 CA 829, 2006-Ohio-7061, 2006 WL 3849865, ¶ 30. Without any grounds for liability under R.C. 2744.02(B), there is no occasion to even consider R.C. 2744.03. *Wright v. Mahoning Cty. Bd. of Commrs.*, 7th Dist. No. 08–MA–77, 2009-Ohio-561, 2009 WL 296163, ¶ 24–25 (rejecting the plaintiff's assertion that R.C. 2744.03 imposed liability on a political subdivision because none of the exceptions in R.C. 2744.02(B) stripped the political subdivision of general immunity); *Dolan v. Glouster*, 173 Ohio App.3d 617, 2007-Ohio-6275, 879 N.E.2d 838, ¶ 22 (same); *Terry v. Ottawa Cty. Bd. of Mental Retardation & Dev. Disabilities*, 151 Ohio App.3d 234, 2002-Ohio-7299, 783 N.E.2d 959, ¶ 13 (same).

{¶ 22} Here, Roberts has failed to establish the applicability of any exception to immunity under R.C. 2744.02(B). R.C. 2744.03(A), therefore, has no relevance to this case and Roberts cannot rely on R.C. 2744.03(A)(2) to avoid the application of immunity. Accordingly, we conclude that the trial court did not err in finding the city immune, and we overrule Roberts's second assignment of error.

{¶ 23} By his third assignment of error, Roberts argues that the city's failure to answer or otherwise respond to his amended complaint entitles him to a default judgment. We disagree.

{¶ 24} Civ.R. 15(A) states:

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party.

A Civ.R. 12(B) motion to dismiss is not a responsive pleading. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 549, 605 N.E.2d 378. Thus, when a defendant files a motion to dismiss in lieu of an answer, a plaintiff has a right to file an amended complaint without prior leave of court. *Boylen v. Ohio Dept. of Rehab. & Corr.,* 182 Ohio App.3d 265, 2009-Ohio-1953, 912 N.E.2d 624, ¶ 43; *Welch v. Finlay Fine Jewelry Corp.* (Feb. 12, 2002), 10th Dist. No. 01AP–508, 2002 WL 206047. This right, however, expires when the trial court enters judgment dismissing the original complaint. *Bell v. Coen* (1975), 48 Ohio App.2d 325, 327, 2 O.O.3d 308, 357 N.E.2d 392. See also *Sony Electronics, Inc. v. Grass Valley Group, Inc.* (Mar. 22, 2002), 1st Dist. No. C–010133, 2002 WL 440749 ("In Ohio, a party may amend its complaint once, as a matter of right and without leave of the court, at any time before a responsive pleading has been filed *or the complaint has been dismissed* " [emphasis added]). After the entry of a final, appealable order dismissing the original complaint, a plaintiff can seek to amend its complaint only through the submittal of a Civ.R. 60(B) motion along with a proposed amended complaint. *Rahn v. Whitehall* (1989), 62 Ohio App.3d 62, 67, 574 N.E.2d 567; *W. Ins. Co. v. Lumbermans Mut. Ins. Co.* (1985), 26 Ohio App.3d 137, 139, 26 OBR 354, 499 N.E.2d 1.

{¶ 25} Although few Ohio cases address whether the right to amend as a matter of course survives dismissal, the rule adopted in Bell corresponds with federal precedent interpreting and applying former Fed.R.Civ.P. 15(A). Under that rule, a plaintiff's time to amend his or her complaint as a matter of right terminated upon a trial court's dismissal of the complaint. *Acevedo–Villalobos v. Hernandez* (C.A.1, 1994), 22 F.3d 384, 388; *Jarvis v. Regan* (C.A.9, 1987), 833 F.2d 149, 155; *Cooper v. Shumway* (C.A.10, 1985), 780 F.2d 27, 29. Federal law is not controlling with regard to interpretation of the Ohio Rules of Civil Procedure, but it can be instructive where the Ohio and federal rules are similar. *First Bank of Marietta v. Mascrete, Inc.* (1997), 79 Ohio St.3d 503, 508, 684 N.E.2d 38. Prior to the 2009 amendments to Fed.R.Civ.P. 15, the relevant portions of Civ.R. 15(A) and Fed.R.Civ.P. 15(A) were virtually identical. Consequently, in accordance with the prevailing Ohio and federal law, we conclude that the June 30, 2010 judgment terminated Roberts's right to amend his complaint as a matter of course. Because Roberts could not amend his complaint, the city had no obligation to respond to the purported amended complaint that Roberts filed. Roberts therefore had no basis on which to request a default judgment. Accordingly, we overrule Roberts's third assignment of error.

{¶ 26} Finally, the city failed to present any argument in response to Roberts's first or third assignments of error. Pursuant to App.R. 16(B), an appellee's brief must conform to App.R. 16(A)(7), which requires "[a]n argument containing the contentions of the [appellee] with respect to each assignment of error presented for review and the reasons in support of the contentions." We urge the city to follow App.R. 16 in the future.

{¶ 27} For the foregoing reasons, we overrule Roberts's three assignments of error, and we affirm the judgment of the Franklin County Court of Common Pleas.

Judgment affirmed.

BROWN and FRENCH, JJ., concur.