[Cite as *Boylen v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-2987.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

ADAM BOYLEN

      Plaintiff-Appellant

-vs-

OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTION, ET AL.

      Defendants-Appellees

JUDGES:
Hon. Patricia A. Delaney, P.J.
Hon. Sheila G. Farmer, J.
Hon. John W. Wise, J.

Case No. 11CA16

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Court of Common Pleas, Case No. 2007CV1388 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 15, 2011 |

APPEARANCES:

For Plaintiff-Appellant

ADAM BOYLEN, PRO SE
No. A377358
Trumbull Correctional Institution
5701 Burnett Rd.
P.O. Box 901
Leavittsburg, OH  44430

For Defendants-Appellees

PETER L. JAMISON
150 East Gay Street
16th Floor
Columbus, OH  43215

JOHN D. FERRERO
Stark County Prosecutor

By: LISA J. BARR
110 Central Plaza South
Suite 500
Canton, OH  44702

*Farmer, J.*

{¶1}    On September 27, 2007, appellant, Adam Boylen, filed a pro se complaint for declaratory judgment, injunctive relief, and money damages against appellees, the Ohio Department of Rehabilitation and Correction, the Mansfield Correctional Institution, Warden Stuart Hudson, Account Clerk Janet Hamilton, Stark County Clerk of Courts Nancy Reinbold, and Stark County Clerk of Courts Chief Fiscal Officer Jo-Ann Humphrey.  Appellant alleged that appellees improperly removed funds from his inmate account for the collection of court costs.

{¶2}    On October 24, 2007, appellees Reinbold and Humphrey filed a motion to dismiss appellant's complaint for lack of subject-matter jurisdiction due to appellant's failure to exhaust his administrative remedies.

{¶3}    On November 2, 2007, appellees Department of Rehabilitation and Correction, Warden Hudson, and Hamilton filed a motion to dismiss the appellant's complaint pursuant to Civ.R. 12(B)(1), arguing the court of claims had exclusive jurisdiction over the claims and appellant had failed to exhaust his administrative remedies.

{¶4}    On November 15, 2007, appellant filed an amended complaint, alleging the same arguments as the initial complaint, deleting a request for punitive damages, and amending the amount of compensatory damages.

{¶5}    On December 6, 2007, appellees Department of Rehabilitation and Correction, Warden Hudson, and Hamilton filed a motion to strike appellant's amended complaint for failure to comply with Civ.R. 15(A) by not obtaining leave of court prior to filing the amended complaint.

{¶6} On December 14, 2007, appellant filed a motion for summary judgment, arguing appellees had not timely responded to his amended complaint.

{¶7} On December 17, 2007, appellant filed a notice stating that his administrative remedies had been exhausted. Attached to the notice was the decision of the Chief Inspector on appellant's grievance appeal, finding no violations of department policies or administrative rules relative to appellant's inmate account.

{¶8} On January 9, 2008, appellees Reinbold and Humphrey filed a motion to strike appellant's amended complaint for failure to first seek leave from the trial court to so file.

{¶9} By judgment entry filed February 15, 2008, the trial court found it lacked jurisdiction to grant appellant's requested relief because appellant failed to establish that he had exhausted his administrative remedies. The trial court denied appellant's motion for summary judgment, granted appellees' motions to strike appellant's amended complaint, and granted appellees' motions to dismiss for lack of jurisdiction.

{¶10} On March 10, 2008, appellant filed an appeal. Upon reconsideration, this court reversed the trial court's dismissal and remanded the case to the trial court for further proceedings (April 23, 2009). *Boylen v. Ohio Department of Rehabilitation and Corrections, et al.,* 182 Ohio App.3d 265, 2009-Ohio-1953.

{¶11} Upon remand, appellees Department of Rehabilitation and Correction, Warden Hudson, and Hamilton filed a motion for judgment on the pleadings on June 1, 2009. Appellees Reinbold and Humphrey filed the same motion on June 5, 2009. By judgment entry filed February 2, 2010, the trial court granted the June 1, 2009 motion

only, finding that those appellees properly deducted the amount of court costs from appellant's inmate account. The trial court did not rule on the June 5, 2009 motion.

{¶12} On February 22, 2010, appellant filed an appeal. This court dismissed the appeal for non-final appealable order as additional claims were still pending. *Boylen v. Ohio Department of Rehabilitation and Corrections, et al.,* Richland App. No. 10 CA 25, 2010-Ohio-6144.

{¶13} By judgment entry filed January 11, 2011, the trial court reopened the case and entered final judgment, granting appellees Reinbold and Humphrey's motion for judgment on the pleadings, dismissed appellant's complaint against them, and granted judgment on their counterclaim as against appellant.

{¶14} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶15} "THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE BY GRANTING DEFENDANTS, *SUA SPONTE* AND WITHOUT ANY PREVIOUS MOTION PURSUANT TO CIV.R. 6(B)(2), AN ADDITIONAL TWENTY-EIGHT DAYS TO FILE AN ANSWER WITHOUT ESTABLISHING EXCUSABLE NEGLECT."

II

{¶16} "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO APPELLANT'S PREJUDICE BY INITIALLY GRANTING DEFENDANT'S OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, STUART HUDSON, AND JANET HAMILTON'S MOTION FOR JUDGMENT ON THE PLEADINGS AND ALSO BY

SUBSEQUENTLY GRANTING DEFENDANT'S NANCY S. REINBOLD AND JO-ANN M. HUMPHREY'S MOTION FOR JUDGMENT ON THE PLEADINGS."

III

{¶17} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY NOT DETERMINING OR ADDRESSING THE CLAIMS SUBMITTED WITHIN APPELLANT'S AMENDED COMPLAINT FOR DECLARATORY JUDGMENT."

IV

{¶18} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO ADMINISTER JUSTICE WITHOUT DENIAL OR DELAY."

I

{¶19} Appellant claims the trial court erred by granting appellees, *sua sponte* and without motion, an additional twenty-eight days to file an answer. We disagree.[1]

{¶20} Pursuant to this court's remand on April 23, 2009, the trial court issued a scheduling order on April 27, 2009, stating appellees had twenty-eight days to answer or otherwise defend:

{¶21} "NOTICE: THIS MATTER HAS BEEN RETURNED BY THE FIFTH DISTRICT COURT OF APPEALS AND REOPENED ON OUR DOCKET. DEFENDANT HAS 28 DAYS TO FILE ITS ANSWER."

{¶22} Each set of appellees filed answers, one on May 20, 2009 and the other on May 27, 2009, respectively. Without the order setting the time, the parties would have been left in limbo as to the answer date given the stay created by the appeal and the fourteen day rule under Civ.R. 15(A). Appellant objects to the trial court's order of

---

[1]We note Terry Tibbals has replaced Warden Hudson and Karen Biglin has replaced Account Clerk Hamilton and have been substituted in their place.

answer date because neither party had requested an extension of time. Although appellant's argument is technically correct, given the remand by this court and the lifting of the stay, the trial court was well within its discretion to place the parties on an equal footing and advance the matter for pretrial conference.

{¶23} Assignment of Error I is denied.

II, III

{¶24} Appellant claims the trial court erred by granting appellees' motions for judgment on the pleadings when they were not properly in answer before the court. We disagree.

{¶25} Civ.R. 12(C) governs judgment on the pleadings and states, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

{¶26} Appellees were in answer when the trial court considered the motions for judgment on the pleadings. We find despite appellant's position that appellees' answers were untimely and the matter was not ripe for review under Civ.R. 12, the trial court had jurisdiction to address the motions. There was no pending motion for default on the amended complaint when the trial court ordered the answer time. Therefore, there was no violation of *Miller v. Lint* (1980), 62 Ohio St.2d 209.

{¶27} It is appellant's position that he is not responsible for court costs for App. Case Nos. 2003CA00304 and 2003CA00305 because the judgment entry did not assign costs. See, Judgment Entry attached to Appellant's November 15, 2007 Amended Complaint as Exhibit C. The judgment entry affirmed the trial court's judgment.

{¶28} App.R. 24 governs costs.  Subsection (A)(2) provides the following:

{¶29} "(A) Except as otherwise provided by law or as the court may order, the party liable for costs is as follows:

{¶30} "(2) If the judgment appealed is affirmed, the appellant."

{¶31} Further, R.C. 5120.133(A) provides for the withdrawal of funds to satisfy court costs as follows:

{¶32} "The department of rehabilitation and correction, upon receipt of a certified copy of the judgment of a court of record in an action in which a prisoner was a party that orders a prisoner to pay a stated obligation, may apply toward payment of the obligation money that belongs to a prisoner and that is in the account kept for the prisoner by the department.  The department may transmit the prisoner's funds directly to the court for disbursement or may make payment in another manner as directed by the court.  Except as provided in rules adopted under this section, when an amount is received for the prisoner's account, the department shall use it for the payment of the obligation and shall continue using amounts received for the account until the full amount of the obligation has been paid.  No proceedings in aid of execution are necessary for the department to take the action required by this section."

{¶33} Ohio Adm.Code 5120-5-03 provides the following in pertinent part:

{¶34} "(A) The purpose of this rule is to establish guidelines and procedures for withdrawing money that belongs to an inmate and that is in an account kept for the inmate by the department of rehabilitation and correction (DRC), upon receipt of a certified copy of a judgment of a court of record in an action in which an inmate was a party that orders an inmate to pay a stated obligation.  The DRC may apply such money

toward payment of the stated obligation to the court or in another matter as directed by the court.

{¶35} "(C) When a certified copy of a judgment from a court of proper jurisdiction is received directing the DRC to withhold funds from an inmate's account, the warden's designee shall take measures to determine whether the judgment and other relevant documents are facially valid. If a facial defect is found then a letter of explanation shall be sent to the clerk or other appropriate authority and the collection process stops until the defect is cured. If no defect is found, the warden's designee shall promptly deliver to the inmate adequate notice of the court-ordered debt and its intent to seize money from his/her personal account. The required notice must inform the inmate of a right to claim exemptions and types of exemptions available under section 2329.66 of the Revised Code and a right to raise a defense as well as an opportunity to discuss these objections with the warden's designee. This practice provides safeguards to minimize the risk of unlawful deprivation of inmate property.

{¶36} "When the pre-deprivation notice is delivered to the inmate, the warden's designee shall also deliver notice to place a hold on the inmate's account to the cashier. The court ordered amount or available portion thereof shall be held until further notice by the designee.

{¶37} "After the inmate's timely opportunity to assert any exemption or defense, the designee shall review the record and determine the department's authority to withdraw money from the inmate's account. The inmate shall receive notice of the designee's decision to either remove the hold and withdraw no money or initiate payments."

{¶38} Appellant objected to the withdrawal and the objection was overruled by the warden. That is the extent of appellant's recourse under the statute/code.

{¶39} We conclude both R.C. 5120.133(A) and Ohio Adm.Code 5120-5-03 were complied with by appellees via the attachments to the amended complaint. Accordingly, we find no error in the trial court granting appellees' motions for judgment on the pleadings.

{¶40} Assignments of Error II and III are denied.

IV

{¶41} Appellant claims the trial court failed to administer justice pursuant to Section 16, Article 1, of the Ohio Constitution. Specifically, appellant claims the trial court failed to properly grant him his requested relief. Given our rulings in Assignments of Error I, II, and III, we find this assignment to be moot.

{¶42} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Farmer, J.

Delaney, P.J. and

Wise, J. concur.

s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

s/ John W. Wise_____

JUDGES

SGF/sg 602

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

ADAM BOYLEN                            :
                                       :
        Plaintiff-Appellant           :
                                       :
-vs-                                   :
                                       :
OHIO DEPARTMENT OF                     :       JUDGMENT ENTRY
REHABILITATION AND                     :
CORRECTION, ET AL.                     :
                                       :
        Defendants-Appellees           :       CASE NO. 11CA16

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed.  Costs to appellant.

_s/ Sheila G. Farmer_____

_s/ Patricia A. Delaney_____

_s/ John W. Wise_____

JUDGES