BRIDGE, Appellee and Cross–Appellant,

v.

PARK NATIONAL BANK et al., Appellants and Cross–Appellees.

[Cite as *Bridge v. Park Natl. Bank,* 169 Ohio App.3d 384, 2006-Ohio-5691.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 06AP–118.

Decided Oct. 31, 2006.

Summer & Vargas Co., L.P.A., Edwin J. Vargas, and William L. Summers, for appellee and cross-appellant.

Havens Willis, L.L.C., and James R. Havens; and Jones Day, J. Kevin Cogan, and J. Todd Kennard, for appellants and cross-appellees.

TRAVIS, Judge.

{¶ 1} Defendants-appellants, Park National Bank and one of its executives, Thomas J. Button, appeal from a default judgment entered in favor of plaintiff-appellee, William W. Bridge III, by the Franklin County Court of Common Pleas on June 28, 2004. Upon review of the record, we sustain appellants' first assignment of error and remand this cause for further proceedings.

{¶ 2} A history of the proceedings is helpful to the discussion of the issues presented. In January 2002, appellee filed a complaint against appellants alleging interference with a contract entered into by appellee and a third party. The complaint was assigned case No. 02CV–669. Appellants timely filed an answer to the complaint. Appellants also pursued discovery by serving interrogatories upon appellee along with a request for production of documents and requests for admissions. After appellants filed a motion for summary judgment, appellee voluntarily dismissed his complaint without prejudice.

{¶ 3} Appellee re-filed his complaint on September 27, 2002. Appellants responded to the second complaint by filing a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim. The trial court granted appellants' motion to dismiss on March 31, 2003, and the case was terminated.

{¶ 4} Appellee appealed the dismissal order. See *Bridge v. Park Natl. Bank*, Franklin App. No. 03AP–380, 2003-Ohio-6932, 2003 WL 22976520. Both parties briefed the issue and presented oral argument to the court. On December 18, 2003, we reversed the dismissal and remanded the cause to the trial court for further proceedings. A copy of the decision was filed in the common pleas court on December 19, 2003. A copy of the mandate was filed in the trial court on January 15, 2004. The record indicates that the case was reinstated upon the trial court docket on February 2, 2004, through the use of a form styled "Assignment Office Civil Continuance Form." The form appears to be a clerical filing rather than a journal entry or order of the court.

{¶ 5} On February 13, 2004, following remand, the trial court notified the parties that the case had been reassigned to a new judge and that the court would conduct a status conference on March 5, 2004.[1] The trial court did not issue a scheduling order. No other trial-schedule deadlines were set at that time. The trial court did not enter an order overruling the motion to dismiss in compliance with the mandate.

{¶ 6} On February 16, 2004, appellants' lead attorney, Michael Sikora, announced his intent to leave his law firm, Havens Willis, effective March 1, 2004. James Havens assumed Mr. Sikora's position as counsel for appellants. Mr. Havens filed a notice of appearance and substitution of counsel with the trial court on February 19, 2004.

{¶ 7} The court conducted the March 5, 2004 status hearing. Havens was present for appellants, and an attorney representing appellee appeared by telephone. Appellee requested additional time to conduct discovery and suggested a November or December trial date. The trial court ordered appellee to submit a proposed scheduling order. Appellee failed to do so. Appellants' counsel contacted appellee's counsel on two occasions regarding the lack of a scheduling order. Ultimately, the court scheduled trial for Monday, June 28, 2004, but did not adopt a scheduling order.

{¶ 8} On May 24, 2004, new counsel entered an appearance on behalf of appellee. Appellants' counsel contacted appellee's new counsel and again broached the subject of the March status conference and the trial court's order

---

1. After the granting of the motion to dismiss, the original trial judge was elected to the court of appeals, necessitating reassignment of the case to a new trial judge.

that appellee provide a proposed case schedule. However, appellee did not provide the court with a proposed scheduling order.

{¶ 9} Although trial was scheduled for Monday, June 28, 2004, on Friday, June 25, 2004, appellee's new counsel advised that he intended to depose one of appellants' attorneys. Appellants sought protection from the trial court. At the same time, appellants' counsel saw that an answer had not been filed subsequent to our remand of December 18, 2003. Havens immediately filed a motion for leave to file an answer instanter and tendered a proposed answer to the court.[2]

{¶ 10} On June 25, 2004, appellee opposed the motion for leave to answer and filed motions for summary judgment and for default judgment. On the date of trial, June 28, 2004, the trial court held a hearing on the parties' pending motions. The trial court denied appellants' motion for leave to file an answer and granted default judgment in favor of appellee. Appellants moved to vacate the judgment. The trial court denied the motion to vacate on February 4, 2005, and referred the case to a magistrate to conduct a hearing on damages.

{¶ 11} The magistrate held a damages hearing on April 22, 2005. Appellants were barred from presenting evidence on the issue of damages. The magistrate submitted a recommendation to the trial court that appellee be awarded $115,231.59. After overruling appellants' objections, the trial court issued a final order adopting the magistrate's decision on January 25, 2006.

{¶ 12} Appellants timely filed an appeal on February 3, 2006 and assert five assignments of error:

I. The Trial Court erred in entering a default judgment and precluding Defendants from filing an Answer.

II. The Trial Court erred in precluding Defendants from offering evidence related to causation.

III. The damages award was erroneous.

IV. The Trial Court erred by not dismissing Mr. Button as a defendant in this lawsuit.

V. The Trial Court erred in allowing Plaintiff to withdraw his jury demand and referring the matter to the magistrate.

Appellee filed a cross-appeal and asserted one assignment of error:

The trial court erred when it denied the cross-appellant prejudgment interest.

{¶ 13} Appellants' first assignment of error asserts that the trial court erred in denying their motion for leave to file an answer and instead granting default

2. The motion was filed on June 23, 2004. Apparently, until appellants filed their motion for leave, appellee was unaware that an answer to the second complaint had not been filed.

judgment to appellee. For the following reasons, we sustain the first assignment of error and remand this cause for further proceedings.

{¶ 14} The primary purpose of the Ohio Rules of Civil Procedure is "to effect just results," and that stated purpose is implemented "by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice." Civ.R. 1(B). The integrity of the rules is dependent upon consistent enforcement of their provisions. *Miller v. Lint* (1980), 62 Ohio St.2d 209, 215, 16 O.O.3d 244, 404 N.E.2d 752. However, the law prefers that cases be decided upon their merits, rather than by procedural default. "The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies. Civ.R. 1(B) requires that the Civil Rules shall be applied 'to effect just results.' " *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 175, 63 O.O.2d 262, 297 N.E.2d 113. See, also, *Svoboda v. Brunswick* (1983), 6 Ohio St.3d 348, 351, 6 OBR 403, 453 N.E.2d 648.

{¶ 15} Civ.R. 12(A) governs the presentation of defenses and objections. A defendant may serve an answer within 28 days after service upon him, Civ.R. 12(A)(1), or may chose to present certain defenses by way of motion, Civ.R. 12(B). A motion to dismiss for failure to state a claim upon which relief may be granted is authorized by Civ.R. 12(B)(6) and may be presented by motion rather than answer.

{¶ 16} When a defendant elects to defend by filing an answer, the answer must be filed within 28 days after service. Civ.R. 12(A)(2). When the defendant elects to defend by way of motion, the service of the motion alters the periods of time for filing an answer. When the trial court denies the motion, the defendant's responsive pleading, delayed because of service of the motion, must be filed within 14 days after notice of the court's action. Civ.R. 12(A)(2)(a).

{¶ 17} As noted above, appellants filed an answer and fully defended the first complaint, including the filing of a motion for summary judgment. Appellants also defended the second complaint, but chose to proceed under Civ.R. 12(B)(6), before filing an answer. In the first appeal, we concluded that the trial court should not have granted the motion to dismiss under Civ.R. 12(B)(6), because the complaint adequately stated a claim upon which relief could be granted. We remanded the cause for further proceedings. Appellee argues that our decision that reversed the judgment and remanded the cause, together with reinstatement of the case in the trial court, in effect, denied the motion to dismiss, thus triggering the 14-day response time of Civ.R. 12(A)(2)(a). We disagree.

{¶ 18} An appellate court has such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of

record inferior to the court of appeals within that appellate district. Section 3(B)(2), Article IV, Ohio Constitution. When an appellate court issues a decision that reverses a judgment or order of a trial court, the appellate court issues a mandate to the trial court to act in conformity with the ruling on appeal. It is the responsibility of the trial court to enter the judgment or order as directed by the mandate of the reviewing court.

{¶ 19} Once this court reversed the judgment of the trial court and issued a mandate directing the trial court to act, it was the responsibility of the trial court to comply with that mandate and issue an order overruling the motion to dismiss. It is the order of the trial court, made in compliance with the mandate of the appellate court that triggers the 14–day response of Civ.R. 12(A)(2). Without an order of the trial court overruling the Civ.R. 12(B)(6) motion to dismiss, the time for appellants to file their answer to the complaint did not begin to run. Therefore, appellants were not late in filing an answer in this case. The trial court erred in granting default judgment to appellee.

{¶ 20} Based on the foregoing, we sustain the first assignment of error. The remaining assignments of error and appellee's cross-appeal for prejudgment interest are moot. The judgment of the trial court is reversed, and this cause is remanded to the Franklin County Court of Common Pleas for further proceedings.

Judgment reversed
and cause remanded.

KLATT, P.J., and FRENCH, J., concur.