[Cite as *Patton v. Risner*, 2010-Ohio-191.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

GREGORY V. PATTON,                                         CASE NO. 16-09-14

    PLAINTIFF-APPELLANT,

    v.

NORMAN RISNER,                                             O P I N I O N

    DEFENDANT-APPELLEE.

Appeal from Wyandot County Common Pleas Court
Trial Court No. 08-CR-0207

Judgment Affirmed

Date of Decision:  January 25, 2010

APPEARANCES:

    *Gregory Patton*, Appellant

    *John D. Noble* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Plaintiff-Appellant, Gregory Patton ("Patton"), appeals the decision of the Wyandot County Court of Common Pleas, granting summary judgment in favor of Defendant-Appellee, Norman Risner ("Risner"), on Patton's defamation complaint against Risner. On appeal, Patton asserts that the trial court made several procedural errors and that Patton should have been granted a default judgment. For the reasons set forth below, the judgment is affirmed.

{¶2} On December 2, 2008, Patton, pro se, filed a complaint seeking $1,000,000 in damages and alleging that Risner had made libelous or slanderous statements about him. Patton also filed additional allegations on December 30, 2008.[1]

{¶3} As background on this case, Patton was discharged from his employment at the Budd Company ("the Company") in Carey, Ohio, several years ago. Risner was elected President of the union at the Company in July 2002, some time after Patton's discharge. Risner claimed that he worked to appeal the discharge, but that the appeal/grievance was dismissed when Patton failed to appear for a hearing. Since then, Patton has sued the union, the Company, and individual union officers, including Risner. The Company obtained a civil

---

[1] These allegations referenced sections of the revised code that did not appear applicable to the case and were never pursued.

protection order against Patton in 2002, which is relevant to this case.

{¶4} In response to Patton's complaint, on December 31, 2008, Risner's attorneys filed a motion for extension of time to answer, and also filed Civ.R. 12(E) and (F) motions for a more definitive statement and a motion to strike.[2] The trial court granted the motion for extension of time to file an answer until February 2, 2009. On February 3, 2009, Patton filed a motion for a default judgment claiming that Risner had failed to file an answer. The trial court denied Patton's motion, stating that "the defendant filed an appropriate responsive pleading on December 31, 2008, within the period denominated by the Civil Rules to plead or otherwise defend ***." On July 7, 2009, the trial court issued a decision overruling Risner's motion to strike and other Civ.R. 12 motions, and Risner then filed a formal answer on July 14th.

{¶5} A status hearing was held on July 1, 2009, and a jury trial was scheduled for October 2009. The trial court granted leave of court to each party to file motions for summary judgment on or before July 31, 2009. Risner filed a motion for summary judgment on July 31, 2009. The motion was scheduled for hearing/review on September 3, 2009 (without oral argument), and the court

---

[2] After Risner was served with the complaint on December 4, 2008, he contends that there was some confusion as to whether he would be represented by the same UAW attorney representing other union officials in the other case, or by his current counsel, Atty. Noble. Risner's UAW attorney filed a motion to for extension of time to file an answer. On the same date, Atty. Noble filed Civ.R. 12(E) and (F) motions. There is no prohibition against a party having representation of more than one counsel; in fact, it is quite commonplace. In January, the UAW attorney filed a motion to withdraw, which was granted by the trial court on February 2, 2009. Risner continued to be represented by Atty. Noble throughout the case and this appeal.

ordered that all responses must be filed prior to the date of the hearing. Patton did not file a motion for summary judgment nor did he file a response to Risner's motion.

{¶6} On September 9, 2009, the trial court issued its judgment, granting summary judgment in favor of Risner. The trial court found that there was no evidence that any alleged defamatory statements were made subsequent to 2002, and therefore, the cause of action was barred by the one-year statute of limitations for libel and slander cases. The trial court also found that Patton failed to allege that any statements were made outside of legal proceedings pertaining to the civil protection order, making any statements made by Risner absolutely privileged.

{¶7} Patton, continuing pro se, has filed a timely appeal from this judgment. He has not challenged the summary judgment decision but claims that the trial court failed to properly follow and apply the Rules of Civil Procedure. Patton's five assignments of error are summarized below:

### First Assignment of Error

**The trial court erred when it allowed the case to continue without an answer to the original complaint filed December 2, 2008.**

### Second Assignment of Error

**The trial court erred when it denied Patton's request for a default hearing, filed February 2, 2009.**

### Third Assignment of Error

**The trial court erred by accepting an untimely answer, filed July 14, 2009, to the original charges.**

### Fourth Assignment of Error

**The trial court erred when it submitted a judgment entry allowing each party to file summary judgment on or before July 31, 2009.**

### Fifth Assignment of Error

**The trial court erred when it failed to answer motions properly submitted before it by Patton on January 7, 2009.**

{¶8} Because Patton's first three assignment of error are closely related and pertain to the timeframe for filing an answer, we shall address them together. Essentially, Patton is arguing that Risner failed to file a timely answer to the complaint as required by Civ.R. 12(A)(1). Therefore, Patton believes that the trial court erred in denying his request for a default hearing when Risner did not file an answer, or demonstrate excusable neglect, by the February 2, 2009 extension date set by the trial court. He also claims that the trial court erred by accepting the answer that Risner filed on July 14, 2009 because it was untimely.

{¶9} The Ohio Rules of Civil Procedure provide that, *generally*, a defendant must serve the answer within twenty-eight days after service of the complaint. Civ.R. 12(A). However, Civ.R. 12(B) provides for an exception whereby certain enumerated defenses may be made by motion. Civ.R. 12(B) lists seven specific defenses that may be made by motion, including the "failure to state

a claim upon which relief can be granted." Civ.R. 12(B)(6). The rules further state that "[a] motion making any of these defenses shall be made before pleading ***," i.e., before filing an answer. See Civ.R. 12(B).

> **Filing a Civ.R. 12(B)(6) motion is an *alternative* to answering the complaint. A defendant who files such a motion need not answer the complaint until after the motion is decided. If the defendant prevails on the motion, he or she may never have to answer.**

*Baker v. Ohio Dept. of Rehab. & Corr.* , 144 Ohio App.3d 740, 754, 2001-Ohio-2553, 761 N.E.2d 667, ¶12. (Emphasis added.) Likewise, Civ.R. 12(E) provides that a defendant "may move for a definitive statement *before* interposing his responsive pleading," and Civ.R. 12(F) states that a motion to strike may be made "[u]pon motion made by a party *before* responding to a pleading." (Emphasis added.)

{¶10} The rules clearly state that the filing of certain Civ.R. 12 motions delays the time period the defendant has for filing his answer.

> **When a defendant elects to defend by filing an answer, the answer must be filed within 28 days after service. Civ.R. 12(A)(2). When the defendant elects to defend by way of motion, the service of the motion alters the periods of time for filing an answer. When the trial court denies the motion, the defendant's responsive pleading, delayed because of service of the motion, must be filed within 14 days after notice of the court's action. Civ.R. 12(A)(2)(a).**

*Bridge v. Park Natl. Bank*, 169 Ohio App.3d 384, 388, 2006-Ohio-5691, 863 N.E.2d 180, ¶16. See, also, *Guillory v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 07AP-861, 2008-Ohio-2299, ¶5.

{¶11} Risner's attorney[3] properly and timely filed a responsive motion encompassing Civil Rules 12(E) and (F) as an alternative to filing an answer. And, although the motion did not specify in the heading, it also contained a Civ.R. 12(B)(6) motion for failure to state a claim upon which relief may be granted. According to the Ohio Rules of Civil Procedure, Risner was not required to file an answer until fourteen days after the trial court ruled on the motions. The trial court denied Risner's motions on July 7, 2009, and Risner timely filed an answer seven days later. Therefore, it was proper for the trial court to accept Risner's answer at that time.

{¶12} Furthermore, Civ.R. 55 provides for a default judgment against a party who has "failed to plead or otherwise defend as provided by these rules." Since Risner did "otherwise defend," the trial court did not abuse its discretion when it denied Patton's motion for default judgment, or a hearing on default motion.

{¶13} For the reasons stated above, Patton's first, second and third assignments of error are overruled.

{¶14} In his fourth assignment of error, Patton maintains that the trial court should not have set a date for the submission of motions for summary judgment because he believes that Civ.R. 56(A) provides that such motions can only be

---

[3] These motions were filed by Atty. Noble. Risner's UAW attorney, who had filed the motion for extension of time to answer, withdrew from the case and there was no need to file an answer because Atty. Noble's motions had tolled the time for filing an answer until after the court ruled on the motions.

made with the consent of the court "after leave of the court is sought by a motion by the plaintiff or defendant." (Appellant's Brief, p. 4.) Because neither party filed such a motion, Patton believes that the trial court did not have the right to direct the parties to file a motion for summary judgment.

{¶15} At the July 1st pre-trial status conference, the trial court did not direct anyone to file a motion for summary judgment; it merely established a timetable for the case and set a date for trial. "To be sure, trial courts have inherent power to manage their own dockets." *State ex rel. Charvat v. Frye*, 114 Ohio St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270, ¶ 23.

{¶16} Civ.R. 56(A) states the time limitations for when a party *may* file a motion for summary judgment. It further states that "[i]f the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court." Because the trial court was setting the date for trial, it was merely granting leave to file for anyone who might want to submit a motion for summary judgment. The rule does not have any requirement that a party must first file a motion requesting such leave. It is within the trial court's discretion and authority to manage its own docket to establish the schedule for the submission of such motions. Furthermore, there is no requirement in Civ.R. 56 that a hearing must be held upon the submissions. Concerning the handling of motions before the trial court, Civ.R. 7(B)(2) states that:

> **[t]o expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements or reason in support and opposition.**

{¶17} Risner submitted a motion for summary judgment. Patton did not submit a reply or any evidence of his own to support his cause of action. Therefore, the only evidence before the court showed that the alleged defamation had occurred many years earlier and that the case was filed long after the statute of limitations had expired. Without any other contrary evidence before it, the trial court appropriately granted summary judgment in favor of Risner. Patton's fourth assignment of error is overruled.

{¶18} In his final assignment of error, Patton complains that the trial court did not respond to two "motions" for "proof of legal counsel" that he had filed on January 7, 2009, requesting Risner's attorneys to provide information and details about their representation of Risner.

{¶19} Civil Rule 7(B)(1) concerning "Motions" states that "[a]n application to the court *for an order* shall be by motion ***." (Emphasis added.) The documents Patton filed were not requests to the court for an order; they amounted to discovery requests to Risner's attorneys. Not only do we fail to see how the information sought was relevant to the case, it would also likely be information that was covered by the attorney-client privilege.

**{¶20}** It is well settled that when a trial court fails to rule upon a pretrial motion, it may be presumed that the court overruled it. *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 223, 1994-Ohio-92, 631 N.E.2d 150, citing *Newman v. Al Castrucci Ford Sales, Inc.* (1988), 54 Ohio App.3d 166, 561 N.E.2d 1001.   In addition, Patton has not expressed how he was prejudiced by the trial court's failure to rule on his pretrial motions.  See *Brown v. Weidner,* 3d Dist. No. 13-06-08, 2006-Ohio-6852, ¶15.  Patton's fifth assignment of error is overruled.

**{¶21}** Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the Wyandot County Court of Common Pleas.

*Judgment Affirmed*

**ROGERS and PRESTON, J.J., concur.**

**/jnc**