[Cite as *BAC Home Loans Servicing, LP v. Kolenich*, 2013-Ohio-155.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| BAC HOME LOANS SERVICING, LP, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2012-01-001 |
| - vs - | : | <u>OPINION ON RECONSIDERATION/CERTIFICATION</u> 1/22/2013 |
| | : | |
| JAMES E. KOLENICH, et al., | : | |
| Defendants-Appellants. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2009-07-3226


Carlisle, McNellie, Rini, Kramer & Ulrich Co., LPA, George J. Annos, 24755 Chagrin Boulevard, Suite 200, Beachwood, Ohio 44122, for plaintiff-appellee

James E. Kolenich and Barbara R. Kolenich, 9435 Waterstone Boulevard, #140, Cincinnati, Ohio 45249, defendants-appellants, pro se

Roger S. Gates, P.O. Box 515, Hamilton, Ohio 45012, for defendant, Department of Environmental Services


**S. POWELL, P.J.**

{¶ 1} This matter is before the court pursuant to a motion for reconsideration, or in the alternative motion to certify a conflict, filed by defendants-appellants, James E. Kolenich and Barbara R. Kolenich. The Koleniches request that the court reconsider or certify the portion of its decision in *BAC Home Loans Servicing, L.P. v. Kolenich*, 12th Dist. No.

CA2012-01-001, 2012-Ohio-5006 (*BAC II*), which holds that BAC was not required to file its reply to their counterclaims within 14 days of the date on which we issued our decision in *BAC Home Loans Servicing, L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345 (12th Dist.) (*BAC I*). For the reasons that follow, we deny the Koleniches' motions.

{¶ 2} The facts and procedural history of this case, as well as the five assignments of error the Koleniches raised in their direct appeal, are set forth in *BAC II* at ¶ 2-8 and will not be repeated here. The Koleniches' motion for reconsideration largely involves the disposition of their first assignment of error; however, the dispositions of the Koleniches' second and third assignments of error are also involved since this court overruled those assignments of error based on the Koleniches' representation that if we overruled their first assignment of error, which we did, it would render the second and third assignments of error moot. *BAC II* at ¶ 32.

{¶ 3} In *BAC II*, the Koleniches argued in their first assignment of error that BAC was required under Civ.R. 8(B) and 12(A)(2) to file a responsive pleading or reply to their counterclaims within 14 days after this court issued its decision in *BAC I*, and since BAC failed to do so, the trial court was required under Civ.R. 8(D) to deem the averments in their counterclaims to be admitted and to grant default judgment or summary judgment on the counterclaims as a result. *BAC II* at ¶ 20. They also argued that the trial court erred by allowing BAC to file a late reply to their counterclaims because BAC failed to demonstrate that its neglect in failing to file a timely reply was excusable. *Id.*

{¶ 4} This court rejected the Koleniches' arguments, stating in pertinent part:

> There is nothing in Civ.R. 12(A)(2) that provides any express guidance as to what to do in situations like the one here, where the trial court has entered final judgment in the case, but the court of appeals reverses that judgment and remands the matter to the trial court for further proceedings consistent with the court of appeals' opinion. Therefore, the Koleniches' reliance on the 14-day time limits in Civ.R. 12(A)(2)(a) and 12(A)(2)(b) is

misplaced. Moreover, since the time limits established in Civ.R. 12(A)(2) do not apply in this type of situation where the trial court is proceeding on remand from an appellate court, BAC's request for leave to file a reply to the Koleniches' counterclaims cannot be deemed to have been late. Additionally, there was no need for BAC to establish, or for the trial court to find, that BAC's failure to file its reply to the Koleniches' counterclaims earlier than it did, constituted excusable neglect.

*Id.* at ¶ 27.

{¶ 5} In their motion for reconsideration, the Koleniches acknowledge that Civ.R. 12 offers no guidance on how to proceed in instances involving a remand, but they argue R.C. 2505.39 does speak to this issue. R.C. 2505.39, captioned "Remanded cases," states in relevant part:

> A court that reverses or affirms a final order, judgment, or decree of a lower court upon appeal on questions of law, shall not issue execution, but shall send a special mandate to the lower court for execution or further proceedings.
>
> *The court to which such mandate is sent shall proceed as if the final order, judgment, or decree had been rendered in it.*

(Emphasis added).

{¶ 6} The Koleniches argue that the trial court was required under R.C. 2505.39 to proceed on remand as if it had denied BAC's motion to dismiss the two counterclaims, and that BAC was required under Civ.R. 12(A)(2) to file its reply to their counterclaims 14 days after it received "notice" of the trial court's "action." They contend that the trial court's "action" in this case arose by operation of law, i.e., R.C. 2505.39, and that BAC received "notice" of this "action" on July 5, 2011, the date on which this court issued its decision in *BAC I*. They then assert that BAC was obligated under Civ.R. 12(A)(2) to file its reply to their counterclaims within 14 days of receiving "notice" of the trial court's July 5, 2011 "action," or by July 19, 2011, and since BAC failed to do so, the averments contained in their counterclaims must be deemed to have been admitted. They contend that this, in turn,

- 3 -

entitles them to an award of default judgment or summary judgment on their counterclaims. They also argue the trial court erred by allowing BAC to file an untimely reply to their counterclaims without determining whether BAC's neglect in failing to file a timely reply was excusable.

{¶ 7} "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *City of Columbus v. Hodge*, 37 Ohio App. 3d 68 (1987), citing *Matthews v. Matthews*, 5 Ohio App.3d 140 (1981).

{¶ 8} The Koleniches' motion for reconsideration raises an issue that this court failed to consider in ruling on their assignments of error in *BAC II*, namely, the effect of R.C. 2505.39 on the issues raised in this case. Accordingly, the motion for reconsideration is well-taken to the extent we will consider the effect of R.C. 2505.39.

{¶ 9} Turning to the Koleniches' argument regarding the proper interpretation of R.C. 2505.39 and Civ.R. 12(A)(2), we note that the Koleniches have failed to cite any case in which a court in this state has accepted their interpretation of those provisions. However, the Tenth District Court of Appeals has rejected an argument very similar to the one the Koleniches are raising here.

{¶ 10} In *Bridge v. Park Natl. Bank*, 169 Ohio App. 3d 384, 2006-Ohio-5691 (10th Dist.), William Bridge filed a complaint against Park National Bank (PNB), alleging interference with a contract entered into by Bridge and a third party, and PNB filed a timely answer to the complaint. *Id.* at ¶ 2. After PNB moved for summary judgment, Bridge voluntarily dismissed his complaint without prejudice. *Id.* Bridge subsequently re-filed his complaint, and PNB responded by moving to dismiss under Civ.R. 12(B)(6) for failure to state a claim. *Id.* at ¶ 3. The trial court granted PNB's motion to dismiss. *Id.* Bridge appealed to

the Tenth District, which reversed the dismissal and remanded the matter to the trial court for further proceedings. *Id.* at ¶ 4.

{¶ 11} During the remand proceedings, PNB realized it had not filed an answer to Bridge's second complaint, so it filed a motion for leave to file an answer. *Id.* at ¶ 9. Bridge opposed PNB's motion for leave and filed motions for summary judgment and for default judgment. *Id.* at ¶ 10. The trial court denied PNB's motion and granted default judgment in favor of Bridge. *Id.* PNB appealed to the Tenth District, which reversed the trial court's decision for the following reasons:

> Civ.R. 12(A) governs the presentation of defenses and objections. A defendant may serve an answer within 28 days after service upon him, Civ.R. 12(A)(1), or may chose to present certain defenses by way of motion, Civ.R. 12(B). A motion to dismiss for failure to state a claim upon which relief may be granted is authorized by Civ.R. 12(B)(6) and may be presented by motion rather than answer.

> When a defendant elects to defend by filing an answer, the answer must be filed within 28 days after service. Civ.R. 12(A)(2). When the defendant elects to defend by way of motion, the service of the motion alters the periods of time for filing an answer. When the trial court denies the motion, the defendant's responsive pleading, delayed because of service of the motion, must be filed within 14 days after notice of the court's action. Civ.R. 12(A)(2)(a).

> As noted above, [PNB] filed an answer and fully defended the first complaint, including the filing of a motion for summary judgment. [PNB] also defended the second complaint, but chose to proceed under Civ.R. 12(B)(6), before filing an answer. In the first appeal, we concluded that the trial court should not have granted the motion to dismiss under Civ.R. 12(B)(6), because the complaint adequately stated a claim upon which relief could be granted. We remanded the cause for further proceedings. [Bridge] argues that our decision that reversed the judgment and remanded the cause, together with reinstatement of the case in the trial court, in effect, denied the motion to dismiss, thus triggering the 14-day response time of Civ.R. 12(A)(2)(a). We disagree.

> An appellate court has such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final

orders of the courts of record inferior to the court of appeals within that appellate district. Section 3(B)(2), Article IV, Ohio Constitution. When an appellate court issues a decision that reverses a judgment or order of a trial court, the appellate court issues a mandate to the trial court to act in conformity with the ruling on appeal. It is the responsibility of the trial court to enter the judgment or order as directed by the mandate of the reviewing court.

Once this court reversed the judgment of the trial court and issued a mandate directing the trial court to act, it was the responsibility of the trial court to comply with that mandate and issue an order overruling the motion to dismiss. It is the order of the trial court, made in compliance with the mandate of the appellate court that triggers the 14-day response of Civ.R. 12(A)(2). Without an order of the trial court overruling the Civ.R. 12(B)(6) motion to dismiss, the time for appellants to file their answer to the complaint did not begin to run. Therefore, appellants were not late in filing an answer in this case. The trial court erred in granting default judgment to appellee.

*Bridge*, 169 Ohio App. 3d at 385-89, 2006-Ohio-5691, ¶ 15-19.

{¶ 12} We find the reasoning of *Bridge* to be persuasive and in keeping with the plain language of both R.C. 2505.39 and Civ.R. 12(A)(2)(a). R.C. 2505.39 requires a trial court that receives a special mandate from a court of appeals to proceed as if the court of appeals' "final order, judgment, or decree" had been rendered in the trial court itself. As applied to this case, R.C. 2505.39 requires the trial court to proceed as if it had denied BAC's motion to dismiss the Koleniches' counterclaims.

{¶ 13} Civ.R. 12(A)(2) provides that a plaintiff must serve his reply to a counterclaim within 28 days after service of the answer or, if a reply is ordered by the court, within 28 days after service of the order, unless the order otherwise directs. Where a motion permitted by Civ.R. 12 is served, the period of time for filing a reply to a counterclaim is altered in that, if the trial court denies the motion, the plaintiff's reply, delayed because of the service of the motion, must be served within 14 days "after notice of the court's action[.]" Civ.R. 12(A)(2)(a).

{¶ 14} The Koleniches argue the trial court's "action," for purposes of Civ.R. 12(A)(2)(a), was this court's decision in *BAC I* that reversed the trial court's dismissal of their two counterclaims, coupled with the trial court's obligation under R.C. 2505.39 to proceed as if it had rendered the judgment. They further contend that BAC was given "notice" of the trial court's "action" when this court issued its decision in *BAC I*. Thus, the Koleniches are essentially arguing that when a party receives *constructive* notice of a trial court's "action" that arises by operation of law, *i.e.*, R.C. 2505.39, this "constructive notice" of this so-called "action" is sufficient to trigger the 14-day time limit in Civ.R. 12(A)(2)(a) for filing a response to a counterclaim. We find this argument unpersuasive.

{¶ 15} In particular, we disagree with the Koleniches' assertion that a "court action" for purposes of Civ.R. 12(A)(2)(a) can consist of nothing more than a decision by a court of appeals to reverse a trial court's judgment and remand the cause to the trial court, and that this, coupled with the language in R.C. 2505.39 requiring the trial court to proceed as if the judgment rendered in the court of appeals had been rendered in the trial court itself, requires a response within 14 days by BAC. The language in Civ.R. 12(A)(2)(a) that states a responsive pleading to a counterclaim must be served within 14 days "after notice of the court's action" plainly contemplates that what triggers the running of the 14-day time limit is the trial court's issuance of an order denying the motion. The Koleniches' argument that the "notice" requirement of Civ.R. 12(A)(2)(a) can be satisfied by relying on constructive notice arising by operation of law is contrary to what Civ.R. 12(A)(2)(a) envisions. Moreover, adopting the Koleniches' argument regarding the proper interpretation of R.C. 2505.39 and Civ.R. 12(A)(2)(a) would create an unfair and unjustifiable trap for the unwary litigant.

{¶ 16} Therefore, we agree with the Tenth District's analysis in *Bridge* that once this court reversed the judgment of the trial court in *BAC I* and issued a special mandate to the trial court to engage in further proceedings consistent with our opinion, it became the trial

- 7 -

court's responsibility to comply with our mandate and issue an order overruling BAC's motion to dismiss. *Bridge*, 2006-Ohio-5691 at ¶ 19. The trial court's issuance of such an order constitutes the "action" referred to in Civ.R. 12(A)(2)(a) and triggers the 14-day time limit set forth in that provision. In the present case, the trial court never issued such an order, the 14-day time limit set forth in Civ. R. 12(A)(2)(a) never began to run, and BAC was not late in filing its reply to the Koleniches' counterclaims. Therefore, despite reconsideration, this court's October 29, 2012 decision will stand.

{¶ 17} The Koleniches argue in the alternative that our decision in *BAC II* is in conflict with a number of decisions from the Fifth and Eighth District Courts of Appeal that have purportedly held that a mandate is a directive from an appellate court to a trial court "to proceed as if the ….judgment….had been rendered in it." [sic] However, this court has acknowledged that we failed to consider R.C. 2505.39 in ruling on the Koleniches' first assignment of error. We have now considered that section in ruling on the Koleniches' motion for reconsideration and find that there is nothing in that section that causes us to change the result of our judgment in *BAC II*. Moreover, the Koleniches have failed to point to any specific language in any of the decisions with which *BAC II* allegedly conflicts. Consequently, the Koleniches have failed to establish the existence of a certifiable conflict for purposes of App.R. 25.

{¶ 18} In light of the foregoing, the Koleniches' motion to certify conflict is denied.

{¶ 19} This court's judgment of October 29, 2012, is hereby confirmed.

RINGLAND and PIPER, JJ., concur.