[Cite as *State v. Bass*, 2015-Ohio-3979.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | Nos.   14AP-992 (C.P.C. No. 11CR-5187) |
| v. | : | and   14AP-993 (C.P.C. No. 11CR-5183) |
| Lamar R. Bass, | : | |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on September 29, 2015

*Ron O'Brien,* Prosecuting Attorney, and *Seth L. Gilbert,* for appellee.

*Clark Law Office,* and *Toki Michelle Clark,* for appellant.

APPEALS from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1}  Defendant-appellant, Lamar R. Bass, appeals from amended judgment entries of the Franklin County Court of Common Pleas, resentencing defendant to a total prison term of 18 years. For the reasons which follow, we affirm in part, reverse in part, and remand the case to the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2}  The relevant, underlying facts of this case were set forth in detail in *State v. Bass*, 10th Dist. No. 12AP-622, 2013-Ohio-4503, as follows:

> Defendant's convictions arise out of two separate incidents involving two different victims. The two incidents became the subject of separate indictments. On August 24, 2011, defendant shot Anthony Taylor, the boyfriend of his "white girl Courtney," because Taylor refused to give Courtney money to buy drugs from defendant. (Tr. 87.) This incident

gave rise to the charges in case No. 11CR-09-5183 ("first indictment"). On September 12, 2011, defendant kicked down the door of an apartment belonging to his ex-girlfriend, Shelly Hummel, and shot her new boyfriend, Andre Jordan, as he fled the apartment. This incident gave rise to the charges in case No. 11CR-09-5187 ("second indictment"). Police were not able to apprehend defendant at the scene of either incident. However, a day or so after the Jordan shooting, police located defendant in a vehicle parked near the home of Hummel's father. Defendant was arrested after leading police on a seven or eight minute car chase. Plaintiff-appellee, the State of Ohio ("State"), requested that the indictments be joined for trial inasmuch as the same gun was used in both incidents. Following an oral hearing, the trial court joined the two indictments. The case was tried to a jury and defendant was convicted. The trial court sentenced defendant to a total of 21 years of imprisonment.

(Footnote omitted.) *Id.* at ¶ 2-3.

{¶ 3} In his first appeal, defendant challenged the trial court's imposition of consecutive sentences, asserting that the trial court failed to expressly consider the factors in R.C. 2929.14(E)(4). In *Bass*, we concluded that the trial court had failed to articulate the necessary R.C. 2929.14(C)(4) findings before imposing consecutive sentences. As such, we remanded the case to the trial court "for the trial judge to consider whether consecutive sentences are appropriate under H.B. No. 86 and, if so, to enter the proper findings on the record." *Id.* at ¶ 44.

{¶ 4} On October 30, 2014, the trial court held a resentencing hearing on the matter. After allowing the parties to present their respective positions, the court announced the sentence. In case No. 11CR-5187, the court sentenced defendant to 7 years on the aggravated burglary charge and 3 years on the firearm specification in Count 1 of the indictment, 6 years on the felonious assault charge and 3 years on the firearm specification in Count 2 of the indictment, and 12 months on the having a weapon while under disability charge in Count 3 of the indictment. In case No. 11CR-5183, the court ordered defendant to serve 3 years on the felonious assault charge and 3 years on the firearm specification in Count 1 of the indictment, 3 years on the discharging a firearm on or near a prohibited premises and 3 years on the R.C. 2941.145 firearm specification as well as 5 years on the R.C. 2941.146 firearm specification in

Count 2 of the indictment, 18 months on the improperly handling a firearm in a motor vehicle charge in Count 3 of the indictment, and 3 years on the having a weapon while under disability charge in Count 4.

{¶ 5} The court then noted that, "[w]ith respect to consecutive sentences," the court felt that based upon defendant's "conduct at the time" of the incidents, consecutive sentences were "necessary to protect the public from future crime and to punish" defendant. (Tr. 19.) The court noted that consecutive sentences "were not disproportionate for the seriousness of the offenses that [defendant] committed. There were two offenses, both involving guns, both involving shootings, and there were two offenses, not just one, although they were joined for trial." (Tr. 19.) The court further noted defendant's "history of prior conduct prior to the offenses for which [he was being] sentenced" supported the consecutive sentences as well. (Tr. 19.) The court commended defendant for what he'd been "doing while * * * incarcerated," but stated that based upon defendant's "conduct at the time," the court thought it imposed "the appropriate sentence." (Tr. 20.) The court further stated that:

> With respect to the charges in this case, number one was that there was a Felonious Assault and then the other charges with the shooting. There was also a Burglary that was conducted with the shooting. And each time there was a weapon -- the weapon -- it may have been the same weapon. The weapon was used to enable him to conduct these -- to engage in this activity. Obviously, two people were shot and wounded. These are very serious offenses. The folk involved could have been killed. And it was more than one offense.

(Tr. 21.)

{¶ 6} The court issued amended judgment entries in both cases on November 18, 2014. In case No. 11CR-5183, the court ordered that all the specifications "shall be served concurrently," and that all the offenses "shall be served concurrently with each other and consecutively to all Specifications," for a total prison term of eight years. (Amended Judgment Entry case No. 11CR-5183, 2.) In case No. 11CR-5187, the court also ordered that all the "specifications shall be served concurrent with each other," and that the offenses "be served concurrent with each other, consecutive to all Specifications," for a total prison sentence of ten years. (Amended Judgment Entry case No. 11CR-5187, 2.) The court ordered that the sentence in each case be served

consecutively to the other case, for a total term of imprisonment of 18 years. The amended judgment entries restated the trial court's findings in support of the consecutive sentences.

## II. ASSIGNMENTS OF ERROR

{¶ 7} On appeal, defendant raises the following assignments of error for our review:

> [I.] IN A REMAND CASE, THE LOWER COURT MUST FOLLOW THE REQUIREMENTS OF THE HIGHER COURT.
>
> [II.] THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO A CONSECUTIVE SENTENCE.
>
> [III.] A TRIAL COURT IMPOSES A DISPROPORTIONATE SENTENCE WHEN IT BASES IT'S DETERMINATION ON A CRIME THAT DID NOT OCCUR.

## III. FIRST ASSIGNMENT OF ERROR – H.B. NO. 86 AND REMAND

{¶ 8} In his first assignment of error, defendant asserts that, although "the trial court entered findings," it "never stated on the record whether consecutive sentences [were] appropriate under H.B. 86. This omission is a violation of the remand." (Appellant's Brief, 3.)

{¶ 9} "When an appellate court issues a decision that reverses a judgment or order of a trial court, the appellate court issues a mandate to the trial court to act in conformity with the ruling on appeal," and "[i]t is the responsibility of the trial court to enter the judgment or order as directed by the mandate of the reviewing court." *Bridge v. Park Natl. Bank*, 169 Ohio App.3d 384, 2006-Ohio-5691, ¶ 18 (10th Dist.). Upon remand, we ordered the trial court "to consider whether consecutive sentences are appropriate under H.B. No. 86 and, if so, to enter the proper findings on the record." *Bass* at ¶ 46.

{¶ 10} H.B. No. 86 became effective September 30, 2011. The enactment of H.B. No. 86 "revived the language in R.C. 2929.14(E)(4) regarding consecutive sentences and codified it as R.C. 2929.14(C)(4)." *State v. Wilson*, 10th Dist. No. 12AP-551, 2013-Ohio-1520, ¶ 12. The revisions to the felony sentencing statutes under H.B. No. 86 "now require a trial court to make specific findings on the record, as set forth in R.C. 2929.14(C)(4)," when imposing consecutive sentences. *State v. Peddicord*, 3d Dist. No.

7-12-24, 2013-Ohio-3398, ¶ 33. Specifically, R.C. 2929.14(C)(4) now requires the trial court to make the following three findings before imposing consecutive sentences: "(1) that consecutive sentences are necessary to protect the public from the future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the subsections (a), (b), or (c) apply." *State v. Hubbard*, 10th Dist. No. 11AP-945, 2013-Ohio-2735, ¶ 86.

{¶ 11} Defendant contends that the trial court "failed to consider and state on the record whether consecutive sentences [were] appropriate under H.B. 86." (Appellant's Brief, 4.) To the contrary, the trial court stated the findings which supported the imposition of consecutive sentences on the record. Indeed, defendant admits that the trial court made these "findings," but nevertheless asserts that the trial court never stated on the record whether consecutive sentences were appropriate under H.B. No. 86. (Appellant's Brief, 3.) As noted, we directed the trial court to consider whether consecutive sentences were appropriate, and to enter the appropriate findings. The court made the necessary findings, found consecutive sentences appropriate, and imposed consecutive sentences. The record demonstrates that the court followed our instructions on remand.

{¶ 12}  Based on the foregoing, defendant's first assignment of error is overruled.

## IV. SECOND ASSIGNMENT OF ERROR – CONSECUTIVE SENTENCES

{¶ 13} Defendant's second assignment of error is two-pronged.  First, defendant contends that the trial court erred in imposing consecutive sentences. Second, defendant asserts that the trial court erred when it "imposed a consecutive sentence under Count 2 of Case No. 11CR-5183." (Appellant's Brief, 5.) Under R.C. 2953.08(G)(2), we may either increase, reduce, or otherwise modify a sentence, or vacate the sentence and remand the matter for resentencing where we clearly and convincingly find that either the record does not support the trial court's findings under 2929.14(C)(4), or the sentence is otherwise contrary to law.

A. *Consecutive Sentences*

{¶ 14} Defendant asserts that, when a court imposes consecutive sentences, "[m]agic words have to be spoken *and* the court has to select three items that further

apply." (Emphasis sic.) (Appellant's Brief, 5.) However, a trial court "is not required to give reasons explaining these findings, nor is the court required to recite any 'magic' or 'talismanic' words when imposing consecutive sentences." *Hubbard* at ¶ 86. Trial courts are not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37. Thus, "[i]n order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *Id.* at syllabus.

{¶ 15} R.C. 2929.14(C)(4) provides as follows:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 16} The trial court stated that consecutive sentences were "necessary to protect the public from future crime and to punish [the defendant]," thereby

satisfying the first finding under R.C. 2929.14(C)(4). (Tr. 19.) The court then found that consecutive sentences "were not disproportionate for the seriousness of the offenses that [defendant] committed," as there were "two offenses," which both involved "guns, both involve[ed] shootings." (Tr. 19.) These statements satisfied the second finding under R.C. 2929.14(C)(4). The court then noted defendant's "history of prior conduct prior to the offenses for which [he was] sentenced." (Tr. 19.) This statement, coupled with the court's finding that consecutive sentences were "necessary to protect the public from future crime," satisfied R.C. 2929.14(C)(4)(c). (Tr. 19.) *See State v. Washington*, 6th Dist. No. L-13-1201, 2014-Ohio-2565, ¶ 10 (holding that the trial court's determination "that consecutive sentences were necessary based on '[appellant's] criminal history,' implicat[ed] R.C. 2929.14(C)(4)(c), and thereby satisf[ied] the third required finding").

{¶ 17} Accordingly, the court made the necessary findings under R.C. 2929.14(C)(4) to support the imposition of consecutive sentences.

B. *The Firearm Specifications*

{¶ 18} Defendant contends that it was improper for the trial court to "impose[ ] a consecutive sentence to the two gun specifications under Count 2 of [case No.] 11CR-5183." (Appellant's Brief, 6.) The first specification to Count 2 of the indictment in case No. 11CR-5183 charged defendant with having a firearm on or about his person or under his control while committing the felonious assault, in violation of R.C. 2941.145. The second specification charged defendant with committing the felonious assault offense by discharging a firearm from a motor vehicle, in violation of R.C. 2941.146.

{¶ 19} Defendant contends that the trial court erred "when it ran the 3 year gun specification consecutive to the 5 year gun specification," as he believes that "the 3 year and 5 year gun specifications should merge, as they were an offense arising out of the same course of conduct." (Appellant's Brief, 5, 7-8.) Initially, we note that the specifications were not subject to merger. Although R.C. 2941.25 provides for the merger of two or more allied "offenses" of similar import, it does not provide for the merger of specifications. *See State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, ¶ 19 (noting that a "firearm specification is a penalty enhancement, not a criminal offense," and that "[p]enalties for a specification and its predicate offense do not merge under R.C. 2941.25"); *State v. Mallet*, 8th Dist. No. 76608 (Aug. 17, 2000) (noting that "case

law pertaining to allied offenses does not apply to specification issues" as "[f]irearm specifications are not in and of themselves offenses, they are specifications attached to various offenses that enhance the penalty").

{¶ 20} However, defendant's contentions herein suffer a more fundamental flaw; the trial court did not order the two specifications to be served consecutively. Rather, in the amended judgment entry in case No. 11CR-5183 the court clearly states that "[a]ll Specifications shall be served concurrently." (Amended Judgment Entry case No. 11CR-5183, 2.) The court thereby altered its original sentence in case No. 11CR-5183, which had ordered that the two specifications be served consecutively. The court's altered sentence structure on the specifications changed defendant's overall sentence in case No. 11CR-5183 from eleven years to eight years. (Amended Judgment Entry case No. 11CR-5183, 2.) Both parties have misconstrued the trial court's amended judgment entry in case No. 11CR-5183 in this respect.

{¶ 21} The trial court's decision to run the sentences on the firearm specifications concurrently is contrary to law, as these sentences must be served consecutively. R.C. 2929.14 specifies the mandatory prison terms that a court must impose for the various types of firearm specifications. R.C. 2929.14(B)(1)(c) requires a trial court to sentence an offender to a mandatory five-year prison term if the offender is convicted of: (1) a felony that includes the element of purposely or knowingly causing the death of or physical harm to another, and (2) a specification of the type described in R.C. 2941.146 for discharging a firearm from a motor vehicle. Here, defendant was convicted of the felony of felonious assault, which includes the element of knowingly causing physical harm to another. *See* R.C. 2903.11. R.C. 2929.14(B)(1)(a) requires a trial court to impose a three-year mandatory prison term on an offender if the offender is convicted of having "a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense," pursuant to R.C. 2941.145.

{¶ 22} R.C. 2929.14(C)(1)(a) requires these two sentences to be served consecutively, providing as follows:

> [I]f a mandatory prison term is imposed upon an offender
> pursuant to division (B)(1)(a) of this section for having a

firearm on or about the offender's person or under the offender's control while committing a felony, if a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(c) of this section for committing a felony specified in that division by discharging a firearm from a motor vehicle, or if both types of mandatory prison terms are imposed, the offender shall serve any mandatory prison term imposed under either division consecutively to any other mandatory prison term imposed under either division * * *.

*See also State v. Bates*, 10th Dist. No. 03AP-893, 2004-Ohio-4224, ¶ 10 (where the defendant was convicted of murder and both R.C. 2941.146 and 2941.145 firearm specifications, this court held that R.C. 2929.14 "required the trial court to impose both a five-year and a three-year mandatory prison term, to be served consecutively").

{¶ 23} Thus, pursuant to R.C. 2929.14(C)(1)(a), the trial court was obligated to impose consecutive sentences on the R.C. 2941.146 and 2941.145 firearm specifications attached to Count 2 of the indictment in case No. 11CR-5183. As such, we must reverse the amended judgment entry in case No. 11CR-5183 and remand the case to the trial court, as the court's imposition of concurrent sentences on the two firearm specifications is contrary to law.

{¶ 24} Based on the foregoing, defendant's second assignment of error is overruled.

## V. THIRD ASSIGNMENT OF ERROR – MISSTATEMENT

{¶ 25} In his third assignment of error, defendant asserts that the trial court sentenced him for a "crime that did not occur." (Appellant's Brief, 8.) Defendant notes that, at the sentencing hearing, the trial court stated that "[o]bviously, two people were shot and wounded." (Tr. 21.) In response, defendant's trial attorney stated that "[t]here was only one person really shot." (Tr. 21.) Defendant contends that the trial court "never cleared this misunderstanding up and clearly imposed his sentence based on [defendant] shooting two people when he had only shot one." (Appellant's Brief, 8.)

{¶ 26} The trial court correctly noted that defendant had shot two people, because defendant shot two people. Defendant shot Anthony Taylor on August 24, 2011, and he shot Andre Jordan on September 12, 2011. The charges in the different cases corresponded to the two, separate shooting incidents. *See Bass* at ¶ 12.

{¶ 27} Based on the foregoing, defendant's third assignment of error is overruled.

**VI. DISPOSITION**

{¶ 28} Having overruled defendant's first, second, and third assignments of error, but finding error in the trial court's amended judgment entry in case No. 11CR-5183, we affirm in part and reverse in part, and remand the matter to the trial court for the limited purpose of resentencing defendant consistent with R.C. 2929.14(C)(1)(a) and this opinion.

*Judgment affirmed in part, reversed in part;*
*case remanded.*

BROWN, P.J. and BRUNNER, J., concur.

_____